IN THE MATTER OF THE ESTATE OF LUCIEN COOK, Deceased.

**Estates of decedents:** WRONGFUL DEATH: WHO ENTITLED TO DAMAGES. Where a widow is made the sole beneficiary under her husband's will of his entire estate, she is entitled to all moneys collected for the wrongful death of testator, to the exclusion of their children, under Code, section 3313.

*Appeal from Harrison District Court.*— HON. N. W. MACEY, Judge.

FRIDAY, DECEMBER 16, 1904.

THE opinion states the case.— *Reversed.*

*J. S. Dewell,* for appellant.

*L. W. Fallon* and *Rodifer & Arthur,* for appellee.

WEAVER, J.— Lucien S. Cook, a resident of Harrison county, Iowa, died May 29, 1898, leaving a will making his wife, Jennie M. Cook, the sole beneficiary of his estate, and appointing her executrix, without bond. She qualified under this appointment, and thereafter presented in the district court a report of her trust, showing that the testator met his death by accident while in the employ of a railroad company, and that by settlement of a claim for damages on account of said death, which was alleged to have been caused by the company's negligence, she received for the benefit of the estate the sum of $3,200. This report and settlement, and the money so collected as damages for the testator's death, constitute the entire estate and the only property or money received by the said Jennie M. Cook as executrix. Later she made her final report, in which she claimed and asked to be allowed the entire fund in her hands, as legatee under the will. The two children and heirs at law of the testator appeared by guardian and objected to the allowance of this claim. The objection was based upon the theory that money collected as damages for the testator's death did not pass by the will, but was to be considered as intestate property, and distributed as such. This position was sustained by the trial court, and a distribution ordered, one-third each to the widow and children. The executrix appeals.

The appeal involves the construction to be placed upon that part of Code, section 3313, which reads as follows: "When a wrongful act produces death, damages recovered

therefor shall be disposed of as personal property belonging
to the estate of the deceased; but if the deceased leave a wife,
child or parent it shall not be liable 'for the payment of
debts." The argument in behalf of the appellees, if we do
not misapprehend counsel, is grounded on the thought that
where a wrongful act produces instantaneous death no right
of action against the wrongdoer vests in the deceased, and
therefore none can survive to his administrator or executor.
In other words, it is said that nothing which was not prop-
erty or a property right in the testator at the time of his
death can pass to the widow by his will. It may be con-
ceded, as claimed, that the right to recover such damages at
all is a new right created by statute, and it was entirely
competent for the Legislature to provide for whose benefit
the damages collected shall be applied, and how they shall
be distributed. If, for instance, it had been provided that
damages on account of death should go to the parents or to
the surviving widow and children, then, of course, the de-
ceased could not by his will divert this benefit from the bene-
ficiaries thus indicated. In most of the States where a re-
covery of this kind is permitted, the statute does in fact
name the persons who by reason of their family relation to
or their dependence upon the deceased shall recover the
moneys thus obtained. The principal decisions cited by
appellee have been rendered under such statutes, and do not,
therefore, furnish us any controlling precedent.

Our own statute, as we have seen, requires the money
to be " disposed of as personal property belonging to the
estate "; and, when we have determined how the personal
property belonging to the estate of Lucien S. Cook is to be
disposed of, we have at hand the rule by which this case is
to be settled. The deceased left a will, which, in broad and
sweeping terms, after providing for the payment of his
debts, gives " all the rest, residue and remainder " of the
estate " real, personal and mixed," to his wife, Jennie M.
Cook. That will has been duly admitted to probate, and

the testator's personal estate, whether little or much, is thereby conclusively disposed of. There is no room for any suggestion that this bequest is not sufficient to carry to the widow all the testator's after-acquired property. Having ascertained the widow to be the beneficiary of the entire personal estate, due regard to the plain letter of the law requires us to hold that she, and she alone, is entitled to receive the moneys collected from the railroad company. To reach this result, we think it unnecessary for us to decide whether, in the absence of this statute, damages on account of an instantaneous killing are, in a technical sense, a part of the estate of the deceased. We may say, however, it is certain that this court has in numerous instances proceeded upon the theory that a man's life, health, and future prospects are things having a pecuniary value to him, and that death by the wrongful act of another occasions a pecuniary loss to his estate, for which an action will lie in favor of his administrator. *Wheelan v. R. R.,* 85 Iowa, 178; *Sherman v. Western Stage Company,* 24 Iowa, 515; *Benton v. R. R.,* 55 Iowa, 496; *Rose v. R. R.,* 39 Iowa, 246; *Donaldson v. R. R.,* 18 Iowa, 280; *Berry v. R. R.,* 40 Iowa, 564.

As a part of the estate of the deceased, moneys thus derived would unquestionably be subject to the payment of debts and charges, but for the exemption which the statute provides. Indeed, if we were to hold that such damages were no part of the estate of a person whose death results from the wrongful act of another, we should render illogical and meaningless practically all of the decisions of this court in which such damages have been considered. If no settlement had been made, an action to recover the damages would, according to all precedents, lie in favor of the administrator or executor; but, if the appellees' contention be correct, it would seem that this will must be abandoned, and the right of action held to be in the widow and children. The distinction which counsel emphasizes between cases of instantaneous death and cases where death follows at some interval

after the injury is not recognized by the statute, and it would savor too much of judicial legislation for us to ingraft it upon the law of the State. But even were we to grant the correctness of appellees' contention that such damages are no part of the estate, in the strict sense of the word, as used at common law, it is nevertheless true that the Legislature, in the exercise of the power to which we have already referred, could properly provide for the distribution in the same manner and proportion which would have been observed, had they accrued directly to the deceased in his lifetime. And this, we think, is the manifest purpose and intent of Code, section 3313, already quoted.

It results from this conclusion that the decision of the district court must be, and it is, *reversed.*