J. M. INGOLD, Appellant, v. BURT SYMONDS and ETTA J. SYMONDS.

**Brokers:** ACTION FOR COMMISSION: AMENDMENT: NEW CAUSE OF ACTION. A real estate agent who has prosecuted his action for commission to a final determination on appeal, basing his claim on a breach of his agency contract through a sale by the owner, cannot, upon reversal and retrial, amend his petition and claim his commission because of an alleged breach of the contract by the owner in selling through an auctioneer.

**Sale of land:** EXCLUSIVE AGENCY: BREACH. A contract giving to a real estate broker the exclusive right to find a purchaser within a given time is not breached by a sale by the owner, though actually made through the medium of an auctioneer.

*Appeal from Cedar Rapids Superior Court.*— HON. J. H. ROTHROCK, Judge.

TUESDAY, MAY 7, 1907.

SUIT at law to recover a commission alleged to be due for procuring a purchaser for the defendants' land. There

was a directed verdict for the defendants, and from a judg-
ment thereon the plaintiff appeals.— *Affirmed.*

*Lewis Heins,* for appellant.

*Redmond & Stewart,* for appellees.

SHERWIN, J.— This is the second appeal in this case.
The opinion on the first appeal is reported in 125 Iowa, 83,
where a sufficient statement of the facts may be found.

1. BROKERS:
action for
commission:
amendment:
new cause
of action.

After the case went back for retrial the plain-
tiff amended his pleadings by alleging that
the sale made by the defendants was made
by an auctioneer at a public sale, acting as the
defendants' agent, and that by selling through such agent
the defendants had breached their contract exclusively au-
thorizing the plaintiff to procure a purchaser within a cer-
tain time. On the former appeal we held that, while the
plaintiff's contract gave him the exclusive right to find a pur-
chaser for the property, the defendants had the right to
make the sale thereof themselves, and we reversed the case
because of an instruction of the trial court directing the jury
to the contrary. The facts appearing in the first trial as
well as in this one, and they are not denied, are that, after
the defendants had executed the contract of agency with the
plaintiff, they advertised the sale of the farm and personal
property at auction. They procured auctioneers to do the
selling for them, and the land in question was, in fact, sold
at public vendue by one of these auctioneers, and one of the
questions presented by the appeal is whether the defendants
had the right to so sell their land in view of their contract
with the plaintiff. However, we deem this question of minor
importance in this particular instance, because of the attitude
of the plaintiff upon the first trial of the case. He was
present at the sale of the land, and, of course, knew the
manner of its sale and the instrumentality employed by the

defendants to effect the same before he commenced this action; yet in his original pleadings, being the ones upon which the case was first tried, no claim was made that there had been a breach of the contract because of a sale of the property through another agent, and the former trial, both in the district court and on appeal to this court, was conducted along the lines we have indicated. It is a well-settled legal principle that a party to litigation may not split his causes of action and try a case by piecemeal; in other words, he may not present one branch of his case for the determination of the court, and, when unsuccessful therein, begin over again presenting some other matter upon which he relies which might have been presented and determined theretofore. The law will not tolerate the multiplicity of suits growing out of such practice, but requires a party to present his entire claim or demand in one action, and, if he fails to do so, but chooses rather to take his chances on a presentation of a part thereof, he is estopped from further prosecuting the same demand either by an independent action or by an amendment to pleadings which amounts to practically the same thing. *Zalesky v. Home Ins. Co.,* 114 Iowa, 516; *Hodge v. Shaw,* 85 Iowa, 137. The plaintiff herein, as we have heretofore shown, knew all about the sale of this land by the auctioneer long before this suit was commenced, and made no claim on account thereof until after this court had determined by its opinion on the former appeal that the defendants themselves had the legal right to sell the farm notwithstanding the plaintiff's contract. This determination of the question operated to defeat any recovery on the part of the plaintiff on the issues made on the first trial; and to now permit the plaintiff to "mend his hold" by pleading the creation of another agency and the sale of the land through it would be to permit him to present his case in sections and to continually subject the defendants to the expense of a relitigation of a question that should have been presented and determined on the former trial.

But, aside from the considerations heretofore discussed, we are of the opinion that the sale of this property under the personal direction and supervision of the defendants,

2. SALE OF LAND: exclusive agency: breach.

though the sale was actually made through the medium of an auctioneer, was not a violation of the defendants' contract with the plaintiff. While the plaintiff was therein given the exclusive right to find a purchaser for the farm within a given time, a fair construction of the contract clearly excludes from its operation a sale made by the owner of the land either privately or publicly, and the mere fact that he chose to offer the land at public sale through the medium of an auctioneer acting under his immediate supervision and direction did not create such an agency as would constitute a breach of the contract with the plaintiff. While it is the general rule that an auctioneer is the agent of the vendor for certain purposes, it does not by any means follow that in cases of this kind the auctioneer becomes the agent of the vendor to such an extent as to breach this and similar contracts. As we understand the record, the sale bills were issued by the defendants. They advertised the fact that a sale of personal property and the land in question was to be held at a certain time and place, and there were invitations issued for the attendance of prospective buyers, and it must be presumed that such buyers attended the sale in response to these invitations. This being true, the work of the auctioneer in soliciting bids from those present was in reality nothing more than a continuation of the effort of the vendor to sell his own property, and we are clearly of the opinion that in so doing the defendants did not violate the terms of their contract with the plaintiff.

The appellant makes the further point that, as the defendant Etta J. Symonds held the legal title to the land in question, her husband, Burt J. Symonds, was acting as her agent, and there was thus a double agency; she being an undisclosed principal to her husband. There can be noth-

ing in this claim, however, because the plaintiff knew long before this sale was made, and long before he had taken any steps toward finding any purchaser for the land, if not before the contract was made, that Mrs. Symonds was the owner of the land, and that her husband, Burt J. Symonds, was acting as her agent. In fact, the contract on which the plaintiff sued is signed by Burt J. Symonds alone, and there is therefore nothing in the plaintiffs' claim of a double agency.

The trial court properly directed a verdict for the defendants, and the judgment must be, and it is, *affirmed*.