FLANDERS v. CANADA, A. & P. S. S. CO.

(Circuit Court, D. Massachusetts. February 18, 1908.)

No. 197.

ACTIONS—SPLITTING CAUSES OF ACTION—CONTRACT OF EMPLOYMENT—PERIOD—SUCCESSFUL ACTIONS.

Plaintiff was employed by defendant for five years from May 1, 1904, at a salary of $3,000 a year, payable monthly, and on December 1, 1904, was discharged. On December 28, 1904, plaintiff sued for breach of contract; the writ alleging that the suit was for damages sustained "to the date of this writ," and also up to the date of the trial of the action, without prejudice to plaintiff's right to bring subsequent suit or suits for damages accruing after the trial. The declaration pleaded performance and an offer to perform, and a readiness to perform up to and including the time the declaration was filed; and during the trial counsel for both parties agreed that, if plaintiff was entitled to recover, he should recover, up to the date of the trial, $3,085.61. Plaintiff recovered such judgment, which was satisfied, after which plaintiff continued to offer his services to defendant, which were refused, when plaintiff brought another suit on July 24, 1906, for the subsequent damages sustained. *Held*, that plain-

tiff's cause of action was not so closely indivisible that the parties could not treat it as divisible, and that defendant, by consenting that the first action should be treated only for the recovery of damages up to the time of the trial, was thereafter estopped to object that plaintiff was not entitled to recover damages subsequently sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 617.]

George W. Anderson and Edward H. Ruby, for plaintiff.
Robert M. Morse and William M. Richardson, for defendant.

LOWELL, Circuit Judge. On April 28, 1904, the plaintiff entered into a certain contract with the defendant, whereby the latter agreed to employ the former as general agent for a term of five years from May 1, 1904, at a salary of $3,000 a year, payable upon the first business day of each month. On May 1, 1904, the plaintiff accordingly entered the defendant's service. On or about December 1, 1904, the defendant informed the plaintiff that his services would not be required after December 1, 1904.

On December 28, 1904, the plaintiff brought an action of contract against the defendant. The writ set out that the plaintiff "brings this suit to recover such damages as he has sustained to the date of this writ, and also such damages as he may sustain up to the date of the trial of this action, but without prejudice to his right to bring subsequent suit or suits for damages accruing after the trial of this cause." The declaration set out the contract, and proceeded as follows:

"And the plaintiff further says that he entered upon his employment under said agreement, and duly discharged all the duties thereof until the 1st day of December, 1904, and although he has ever since been, and still is, ready and willing, and on said last-named day duly offered, to perform all the conditions of said agreement upon his part to be performed, the defendant has refused, and still refuses, to allow him to do so, or to pay him therefor, as defendant says, to his great damage."

The defendant's answer contained a general denial. It further set up that the contract was executed without authority, and that it was obtained by the plaintiff's fraud. At the trial in the Circuit Court the judge ruled as matter of law that the defendant's agent who made the contract was duly authorized thereto. He left to the jury the question of the plaintiff's fraud, and the jury found for the plaintiff. By agreement of counsel the court stated to the jury the amount of damages to be assessed, provided that the jury should find a verdict for the plaintiff. This amount was the salary at the contract rate from December 1, 1904, to the date of the verdict, November 22, 1905, viz., $3,085.61. At that time the judge instructed the jury as follows:

"If the defendant does not satisfy you that this contract is vitiated by fraud, then you will consider the question of damages. Upon that there is no serious controversy. The amount has been agreed upon, I understand, between counsel, in order to save all possible trouble; and, as they may entirely properly do, counsel have agreed that the plaintiff is entitled to recover, if he recovers at all, a certain sum, which will consist of the wages they did not pay him, of his salary up to this time, and interest, and counsel have computed the interest, so you will not be troubled with doing over the figures."

Thereafter counsel for the plaintiff said in the presence of the court and of counsel for the defendant:

"I understand we have agreed that, if entitled to recover on the theory that the contract is valid, principal and interest to to-day would make a verdict of $3,085.61."

There was a short discussion concerning a minor item of $73.49, which was finally agreed by counsel on both sides to be due in any case. After reaching an agreement upon this point, counsel for the plaintiff said:

"I have figured it here, so that the jury will be relieved from any figuring. If the contract is valid, we are entitled to $3,085.61; if it is invalid by reason of fraud, we are entitled to $73.49."

To all this counsel for the defendant made no objection and said nothing. After an unsuccessful prosecution of a writ of error to the Circuit Court of Appeals, judgment for the plaintiff was entered on the mandate June 19, 1906, and was duly satisfied. At sundry times between December 1, 1904, and July 10, 1906, the plaintiff had offered himself to the defendant to carry out the contract; but the defendant refused to accept his services. After the satisfaction of the judgment the plaintiff renewed his offer, at first informally, and later by formal letter dated July 10, 1906. In this letter the plaintiff threatened suit if his demands were not agreed to. The defendant made formal refusal, and the plaintiff brought the present action July 24, 1906. The writ and declaration are identical with those in the first suit.

The case is before the court sitting without a jury upon an agreed statement of facts. The defendant, by its answer, has set up the judgment in the former suit, and the court has here to decide only this question: Is the plaintiff barred from his recovery in this suit by reason of his recovery in the earlier suit?

The defendant contends that the plaintiff had but one cause of action for the breach of the contract alleged in the first declaration, and alleged again in the declaration now before the court; that it was impossible to divide this cause of action between two suits; and that, however plaintiff and defendant may have agreed to the contrary, a recovery in the first suit necessarily exhausts the plaintiff's remedy.

Whatever may be the precise nature of the plaintiff's cause of action (and he contends that his first suit was for wages, rather than for a breach of contract), yet I cannot think that this cause of action is so clearly indivisible that plaintiff and defendant cannot between them agree to treat it as divisible. If this be true, the defendant's action throughout the first suit is equivalent to a waiver of its right to object to the maintenance of this suit. It therein denied that it owed the defendant any money, and it agreed with the plaintiff that, if it owed the plaintiff any money whatsoever, the verdict should be entered for a sum fixed, so as to cover compensation up to the time of verdict, and no more. This the defendant did with knowledge of the language of the plaintiff's writ and declaration. Under these circumstances, it appears to me that the defendant led the plaintiff to rely upon a right to bring another suit, which right was assumed by both parties to exist.

There will be judgment for the plaintiff for $8,000, the payment of which will satisfy all the plaintiff's claims arising under the contract.