CANADA–ATLANTIC & PLANT S. S. CO., Limited, v. FLANDERS.

(Circuit Court of Appeals, First Circuit. December 2, 1908.)

No. 771.

1. CONTRACTS (§ 321*)—RENUNCIATION OF EXECUTORY CONTRACT—RIGHT TO ELECT AS TO REMEDY.

The final renunciation by one party of a contract providing for future performance gives to the other party an immediate right of election, either to continue to assert his strict contract rights or to accept the renunciation and to sue upon that as a distinct cause of action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1510; Dec. Dig. § 321.*]

2. JUDGMENT (§ 594*) — BAR OF CAUSES — CONTRACT OF EMPLOYMENT—DIVISIBILITY—SUCCESSIVE ACTIONS FOR BREACH.

Upon the refusal of defendant to further perform a contract by which it employed plaintiff for a term of five years at a salary payable monthly, plaintiff brought an action on the contract in which he expressly limited his demand to such damages as he had sustained and might sustain by reason of the breach to the time of trial, and in such action recovered judgment for the amount of his salary to the time of trial; the contract term not having expired. Held, that the contract was not indivisible, but was capable of successive breaches by defendant, and that such action was not an election by plaintiff to treat it as terminated, nor the judgment therein a bar to a second action to recover subsequent salary and damages for an anticipatory breach.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1109; Dec. Dig. § 594.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 161 Fed. 378.

William M. Richardson (Robert M. Morse, on the brief), for plaintiff in error.

George W. Anderson (Edward H. Ruby, on the brief), for defendant in error.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. The question before us is whether the Circuit Court erred in refusing to rule that a former judgment was a bar, and in giving judgment for the plaintiff below, now defendant in error, notwithstanding the former judgment.

Both the first and second actions were based upon a written contract relating to the employment of James A. Flanders as general agent of the Canada-Atlantic & Plant Steamship Company. The contract was for a term of five years from May 1, 1904, at a salary of $3,000 per annum, payable in monthly installments. The contract is set out in full in the opinion of this court, handed down May 23, 1906, in Canada-Atlantic & Plant Steamship Company v. James A. Flanders, and reported in 145 Fed. 875, 76 C. C. A. 1.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The writ in the first action is dated December 28, 1904, and contains this expression, following the description of the plaintiff:

" * * * Who brings this suit to recover such damages as he has sustained to the date of this writ, and also such damages as he may sustain up to the date of trial of this action, but without prejudice to his right to bring subsequent suit or suits for damages accruing after the date of the trial of this cause," etc.

The declaration filed in pursuance of this writ is as follows:

"And the plaintiff says that on or about the 28th day of April, A. D. 1904, an agreement in writing was made and entered into by and between the plaintiff and the defendant company, a copy of which is hereto annexed and made a part of this declaration, whereby the plaintiff agreed to render his services to the defendant company as general agent from the 1st day of May, 1904, to the 1st day of May, 1909, in consideration whereof the defendant agreed to employ the plaintiff in the capacity of general agent as aforesaid, and to pay him for such services at the rate of three thousand (3,000) dollars per year.

"And the plaintiff further says that he entered upon his employment under said agreement and duly discharged all the duties thereof until the 1st day of December, 1904; and although he has ever since been and still is ready and willing and on said last-named day duly offered to perform all the conditions of said agreement upon his part to be performed, the defendant has refused and still refuses to allow him to do so, or to pay him therefor, as the plaintiff says, to his great damage."

Annexed to the declaration was a copy of the written contract.

Upon a jury trial verdict was rendered for the plaintiff and judgment entered for $3,085.61; the amount being merely a correct computation of the amount of salary accruing according to the terms of the contract up to the date of trial. The question of the right of the plaintiff to recover damages for any period after the date of the trial was not mentioned by counsel or court at the trial, and the jury did not consider the question of prospective damages or future rights under the contract. The principal issue tried by the jury related to the validity of the contract, and the jury were instructed, in case they should find the contract valid, to find a verdict for the amount of salary computed to the day of trial.

By the satisfaction of this judgment the plaintiff received in the first action all sums due him according to the terms of the contract up to November 22, 1905. This covered all sums due under the contract prior to the date of the writ, and also all sums due under the contract up to the date of verdict, November 22, 1905.

The second action in its amended form is conceded to be an action for damages, past and prospective, resulting from the defendant's refusal to employ or to pay the plaintiff. The contract period of five years does not expire until May 1, 1909, yet the plaintiff has sued and claimed damages for an entire breach, and has now elected to treat the contract as rescinded.

The judgment now under review includes full damages for anticipatory breaches of an executory contract, as well as damages for past breaches of particular provisions. The plaintiff in error contends that the first action is identical in nature with the second, is for damages for a general breach of the contract, that the damages awarded in the second action were recoverable in the first action, and that if in the first action the plaintiff voluntarily chose to limit or waive his

recovery of full damages he is thereby concluded, since the cause of action was indivisible and the same in each case. It is contended that no force should be attached to the limitation in the prior writ to which we have called attention; that it has no force to designate the character of the action, but is a mere expression of an intent to waive a portion of the damages for an entire breach of contract. While we do not assent to this view, and are of the opinion that the declaration and writ together should be considered in determining the scope of the prior action, a disregard of the peculiar language of the writ would not assist the plaintiff in error.

Upon an examination of the declaration in the first action we find no allegation that the defendant had finally renounced the contract or had refused to be bound by it in future. The allegations are confined to past breaches of contract. The contract annexed to the declaration is capable of as many particular breaches as there are monthly periods of payment. Once executed, the contract is of continuing obligation according to its terms, and no act of the defendant alone can effect its rescission. A refusal of the defendant to permit the plaintiff to begin his services does not affect the right of the plaintiff to tender his services, to hold himself in readiness to fulfill them, and to insist upon monthly payments according to the terms of the contract.

As a matter of pleading, the action for damages for past breaches of particular provisions of the contract is not the equivalent of an action for damages for an anticipated breach of an executory contract, or for damages due to an unlawful renunciation of liability under the contract.

In the first action the plaintiff has assigned as breaches of contract merely past and particular breaches of a continuing contract, and has not charged a general breach of all the future and unfulfilled obligations imposed upon the defendant by the contract. For all that appears in the declaration the parties, after the particular breaches of contract set forth, may have resumed relations under the contract, and such resumption would in no wise have affected a suit upon a declaration like that filed in the first action. It is now well settled that the final renunciation by one party of a contract providing for future performance gives to the other party an immediate right of election, either to continue to assert his strict contract rights or to accept the renunciation and sue upon that as a distinct cause of action. Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953; Pierce v. Tennessee Coal, Iron & Rd. Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591.

We think it quite clear that nothing in the record of the first action tends to show that the plaintiff elected to accept a renunciation of the contract, or to forego his right to a strict performance according to its terms, and in lieu thereof seek damages for the defendant's unlawful act in putting an end to the contract.

It is not contended that the plaintiff has in fact recovered full compensation, or that he intended to claim it in the first action. The contention is merely that the cause of action first sued upon has been ter-

minated by the satisfaction of judgment, and that the cause of action declared upon in the second action is shown by the record in the former case to have been already sued to judgment. We think this contention erroneous. The plaintiff in error insists that a strict construction be placed upon the word "damages" in the declaration in the first action, and that the suit cannot be regarded merely as for the unpaid installments of salary due as a mere debt. It by no means follows, however, that, if we regard the first action as for damages as distinguished from a debt, we must also regard it as brought for damages for a general or anticipatory breach as distinguished from past and particular breaches. The mere fact that both seek damages for a breach of contract does not make them identical, for the particular breaches of contract sued upon are distinct.

The notice contained in the first writ of a reservation of a right to claim future damages is accompanied by notice of an intention to claim damages for a period between the date of the writ and the date of trial. This is unusual and is not explained. This, however, does not affect what we have already said—that nowhere in the record does it appear that the plaintiff, by his pleadings or by any act in the former action, elected to accept a renunciation of the contract and to consider it as finally broken. If the contract were indivisible in character, capable only of a single breach, a claim for damages accruing after the date of the writ and prior to the date of trial might possibly amount to an election to seek in that suit all damages for future or anticipated breaches; but as the contract is not in its nature indivisible, but provides for distinct performances at distinct periods, and is thus capable of successive breaches, a claim for damages accruing between the date of the writ and date of trial can relate only to breaches of contract during that period, and cannot relate to any future period. There is no such indivisibility or unity in the subject-matter as makes a claim concerning a part in substance a claim concerning the whole.

We are of the opinion that the first judgment constituted no bar to the second.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers his costs in both courts. In accordance with a stipulation in writing filed in this court the mandate will direct that said judgment shall be in full for all claims of said Flanders upon the said steamship company by reason of and growing out of the contract in suit, subsequent to the damages assessed by the jury and hitherto paid by said steamship company, as appears in the record of said cause, and that, on payment of the judgment of the Circuit Court, based upon the damages set forth in the agreed statement of facts, all obligations of the said steamship company to the said Flanders under and by reason of said contract shall be forever at an end.