In re Estate of Lucian S. Cook, Deceased.

Estates of decedents: DISTRIBUTION: FORMER ADJUDICATION: LAW OF THE CASE. The determination of a cause on a former appeal is not only an adjudication as to all matters pleaded, but also as to those which are necessarily involved and which might have been pleaded. This general rule is held applicable to a proceeding in probate for distribution of a sum recovered for the wrongful death of a decedent, in which it was held on the original appeal that the widow was entitled to the entire fund, and the cause was remanded for a decree in harmony with the opinion. *Held,* that it was improper on remand to permit an amendment changing the issues by pleading the statute of another State, providing that funds of that character should be for the benefit of the widow and next of kin.

Same: LAW OF THE CASE. Where the law applicable to the facts pleaded has once been determined on appeal, it becomes the law of the

case until set aside or vacated by proper proceedings; and this cannot be done by amendment of the pleadings changing the issues after a remand of the case for decree in harmony with the opinion of the appellate court.

Evans, C. J., dissenting.

*Appeal from Harrison District Court.*—HON. N. W. MACY, Judge.

TUESDAY, SEPTEMBER 28, 1909.

APPEAL from an order of the district court upon certain objections filed to the final report of the executrix, whereby it was held that the widow of the deceased was entitled to but one-third of a certain fund collected from a railway company, and that Arthur Cook and Mabel Cook were each entitled to one-third thereof. The executrix is appellant.—*Reversed* and *remanded.*

*J. S. Dewell,* for appellant.

*L. W. Fallon* and *Roadifer & Arthur,* for appellees.

DEEMER, J.—This case has once been before us, and the opinion filed therein will be found reported in 126 Iowa, 158. After the remand to the district court, the objectors, heirs of the deceased, Lucian S. Cook, amended the objections upon which the case had been tried and submitted here, by pleading the statutes of Nebraska, which provide that damages for the death of a person shall be for the exclusive benefit of the widow and next of kin, and shall be distributed to such widow and next of kin in the proportion provided by law for the distribution of personal property left by intestates; that is to say, in equal shares to the children. The executrix moved to strike this amendment because filed too late, and because all matters

were adjudicated by the decree of this court, and for the further reason that no new issues could be interposed after the final order and decree of this court. The motion was overruled and the cause went to a hearing upon these amended objections, resulting in the order stated, which was a complete reversal of the orders of this court on appeal. The widow, both individually and as executrix, appeals.

On the former appeal the Nebraska statute was not relied upon, nor was it cited or called to our attention, and, under the record then before us, we held that the widow took the entire fund under the will of her deceased husband. The cause was reversed and remanded obviously for the purpose of having an order made in harmony with the opinion here. Instead of entering such order, the trial court granted permission to file the amendment to the objections hitherto noted. If this were an ordinary case either at law or in equity, no one, we think, would earnestly contend that the order should stand. If such practice were permitted, no case would ever be at an end, for upon each reversal here a new decision or an overlooked statute of a foreign state might be introduced into the case with the result that there might never be a final adjudication. Even in the ordinary case it is unusual to permit the introduction of amendments either to the petition or to the answer after a decision here, and, when permitted, they have been in law cases or by express direction of this court in suits in equity. The final order made by the trial court was either a reversal of our former holding, or a decision based upon statutes of a sister state which were neither pleaded nor relied upon when the case was first before us. As there was no order made by this court on the former appeal permitting a change in the issues or indicating that there should be a retrial, the effect of the reversing order was to send the case to the lower

1. ESTATES OF DECEDENTS: distribution: former adjudication: law of the case.

court for an order in harmony with the opinion here. When the case got to that court, no new fact was presented save the Nebraska statute relied upon, and no claim of oversight or misfortune was pleaded. For aught that appears, counsel had knowledge of the Nebraska statutes from the beginning, but for some reason best known to themselves they did not see fit to rely thereon. That the former opinion was res adjudicata, not only as to all matters which were pleaded, but as to all matters necessarily involved and which might have been pleaded, is fundamental. *Ingold v. Symonds,* 134 Iowa, 208; *Bedwell v. Gephart,* 67 Iowa, 44; *Hanson v. Manley,* 72 Iowa, 48; *Hempstead v. City,* 63 Iowa, 36; *Keokuk v. City of Keokuk,* 80 Iowa, 137; *Murphy 'v. Cuddihy,* 111 Iowa, 645; *Zalesky v. Insurance Co.,* 114 Iowa, 516; *Adams v. Railroad,* 55 Iowa, 94; *Hendershott v. W. N. Co.,* 114 Iowa, 415; *Wood v. Hall,* 138 Iowa, 308; *Chicago, M. & St. P. R. R. v. Hemenway,* 134 Iowa, 526. In the *Zalesky* case, *supra,* it is said: "The due and timely adjudication of the rights of litigants demands that a cause of action or a defense be submitted as a whole when known, and not by piecemeal, otherwise, parties not offending as in this case may be eternally harassed, and the courts constantly engaged in passing upon points raised one at a time in a long course of litigation. We can not lend our sanction to such a procedure. Where there is an opportunity for full presentation of all the facts in the case, the party relying thereon must make a full disclosure thereof if known to him or suffer for a failure so to do. He can not be permitted to conceal a part of his action or defense, or to negligently overlook it, and thus prolong indefinitely the final settlement of the case. This proposition is so manifestly right that no citation of authority in its support seems necessary." Were the case at law, the objectors would be bound by the opinion in the former case, and could not amend by pleading the Nebraska statutes.

This point is definitely ruled by *Adams v. Railroad Co.,* 55 Iowa, 94.

Suggestion is made that as the case is in the probate, and the matter always open until final discharge of the executrix, a different rule should obtain. There might be cases which should be regarded as exceptional upon this ground alone; but this is not one of them. On the original hearing there was a square issue between the widow and the heirs regarding who was entitled to the money in the hands of the executrix. In no other sense was there an accounting. No one was excepting to any items of account, either debit or credit. As the issue of right to the money was squarely presented and decided, the decision was as binding as if it had arisen in any other form of action. It was a full and complete adjudication of the rights of the parties, and, when the case went to decree, that decree became as effective as any other and subject to the same rules and limitations. Appellees say in argument that "the question for determination under the objections was whether the fund was disposed of by the will of decedent; and the question still remains the same under the amended objections. This court determined that under the evidence introduced at the first hearing the will controlled the fund, nothing more." With this concession in mind, it becomes very apparent that the objectors are seeking to try their case in piecemeal. A thorough discussion of the matter of amendments to pleadings after a reversal in this court will be found in *Allen v. Davenport,* 115 Iowa, 20.

Having once had their day in court, and having been defeated, the trial court had no power to reverse the action of this court or to permit an amendment for the purpose of bringing to the court's attention

2. SAME: law of the case.

a statute of a foreign State announcing another rule of law. The law of the case was settled in the former appeal, and that should have been

an end of it. *Reedy v. Howe,* 44 Iowa, 303. When the law premise is once determined, it becomes the law of that case to the end of time, unless set aside or vacated by the proper proceedings. This can not be done, however, by an amendment to the pleadings setting forth a statute of another State. That should have been done before the case came here for decision of the legal proposition. *Sexton v. Henderson,* 47 Iowa, 131.

The trial court was in error in permitting the amendment and in making the order it did. The case will be remanded to the district court for an order in harmony with the former opinion. *Reversed* and *remanded.*

Evans, C. J. (dissenting).—This is a controversy over the final report of the executrix, who is widow of the deceased. There was but one asset, and the controversy is over the division of that asset. The deceased was killed in a railroad accident. The executrix received from the railroad company $3,200 in compromise of damages for the wrongful death. The deceased left a will devising all of his estate to his widow. The widow claimed the entire fund under the will. The objector, a son by a former marriage and a minor, appeared by his next friend, and claimed a share in the fund. The legal ground urged by him as a basis for his claim was that the death of the decedent was instantaneous, and that no cause of action therefor arose in his lifetime, and that, therefore, it did not pass by the will. The argument was that the cause of action was created in favor of the administrator by statute, and that it arose after the death or at the instant thereof. The trial court sustained this view, and ordered the executrix to pay the objector one-third of the fund. An appeal was prosecuted to this court, and the order was reversed, and the case remanded without direction. The only question considered on the appeal was the construction of Code, section 3313. After *procedendo* to the

lower court, the objector amended his objections by pleading additional facts to the effect that the cause of action against the railroad company arose in Nebraska, and that under the statute of Nebraska, which gave rise to the cause of action, it was expressly provided that the damages recovered in such a case should be equally distributed among the widow and children. These facts being proved upon the second trial, the court ordered distribution in accordance with the statute of Nebraska, and the executrix has appealed again.

The majority opinion refuses to deal with the merits of the case as made upon the second trial, but orders a peremptory reversal on the ground that every question, both of law and fact, was foreclosed and adjudicated by the first reversing opinion. If this were an equity case, triable de novo in this court, I should find no fault with the conclusion reached in the majority opinion, and would only dissent from that part of the argument therein which treats the reversal of an action at law as having the same adjudicating effect as a reversal of an equity case. This is not an equity case. It was not such at the time of the first appeal. The appeal was tried upon errors only. It was remanded without direction. This left the case in the trial court for retrial. The decision in this court was an adjudication of the legal question and nothing more. Whether it would prove decisive of the case must depend upon the facts appearing upon the second trial. The jurisdiction of the trial court was as complete and broad upon the second trial as upon the first, and its discretion to permit amendments and its duty to receive evidence was in no manner different in the second trial than in the first. It was bound by the legal question adjudicated on the first appeal, but it was bound by no fact found upon the first trial. *Hollenbeck v. Marshalltown,* 62 Iowa, 21.

Even a question of law adjudicated upon the first appeal may become inapplicable upon the second trial by

reason of additional facts and pleadings in the case. The majority opinion applies the same rule as would be applicable if the case had been triable *de novo* on the first appeal. The cases cited therein in support of this conclusion are *Adams v. Railroad Company,* 55 Iowa, 94; and *Allen v. Davenport,* 115 Iowa, 20. Both of these cases were equity cases. The distinction I contend for was expressly recognized therein. I quote briefly from the *Adams* case: "Of course, if the facts change, the rule of law as announced may become inapplicable. In such a case it may become necessary to apply a different rule. But, the facts remaining the same, the rule of law as once held must remain the rule for the case." It was held in that case that the "allowance of an amendment and the tendering of a new issue in an equity case after a trial *de novo* in this court and after *procedendo* should be allowed only upon the strongest showing." It is stated in the majority opinion that "as there was no order made by this court on the former appeal permitting change in the issues, or indicating that there should be a new trial, the effect of the reversing order was to send the case to the lower court for an order in harmony with the opinion here." That this is the rule in an equity case triable on appeal *de novo* I grant; but this is not the rule as applied to cases of appeal triable on errors only. It is also stated in the majority opinion that in the ordinary case it is unusual to permit the introduction of amendments "either to the petition or the answer after a decision here." My own observation and experience upon the trial bench and in the practice is the very reverse of this contention. There are many cases in our Reports which have come here on successive appeals, and seldom twice upon the same facts, or the same pleadings. In the recent case of *Hanson v. Cline,* 142 Iowa, 187, the trial court adopted the very rule now announced in the majority opinion, and refused to permit plaintiff to amend his pleadings upon the second

trial after a reversal in this court. Upon the second appeal we reversed the order, and held that the amendment should have been permitted.

In *Zimmerman v. Robinson,* 118 Iowa, 117, on the first appeal the case was reversed on grounds that were fatal to the plaintiff as the case was then made. The same case came back here on a second appeal on different pleadings and on a different theory, and it was affirmed. See 128 Iowa, 72. The case of *Boddy v. Henry & Conover,* 113 Iowa, 462, 126 Iowa, 31, furnishes a similar illustration. It is stated in the majority opinion "that the former opinion was *res adjudicata* not only as to all matters which were appealed, but as to all matters necessarily involved and which might have been appealed." That this is the rule that applies to prior adjudications in former actions I concede. But, as applied to the effect of a reversing opinion in an action at law before the termination of the litigation in a final judgment, the rule has never been announced so broadly before. All that has been held heretofore is that such reversing opinion in a law action adjudicates the legal questions passed upon, and nothing more. Nor are the parties afterwards precluded from showing facts which may avoid the applicability of the legal questions so settled. The first five cases cited in the majority opinion in support of this proposition all involved final judgments in former actions. In the *Zalesky* case the plaintiff's pleadings had upon two successive trials admitted certain facts. On the third trial he amended his pleading and denied such facts, and this court held that the amendment under the circumstances should not have been permitted. In the *Hendershott* case it was expressly stated that the evidence on the second trial was the same as on the first. The legal questions decided upon the first appeal were therefore determinative. The case of *Wood v. Hall* was an equity case and involved a question of estoppel against a taxpayer in relation to public improve-

ments. The effect of an appeal to this court was not involved in that case.

In the case at bar the question of where the cause of action arose was not considered at all, nor was there any evidence upon that question except possibly the fact that the accident occurred in Nebraska. The additional facts proved are in no sense inconsistent with any fact proved on the former trial. They are simply additional facts which are made to appear upon the second trial. Inasmuch as the majority opinion has not considered the case on its merits, I do not go into that question. For the purpose of this dissent, I assume that the appellee presents here a meritorious case, and that he is entitled to maintain the judgment entered in his favor in the court below, provided he can have a hearing here on the merits. I think he is entitled to such a hearing.