BARRON G. COLLIER, INC., Appellant, v. FRANK J. RAWSON, Appellee.

**JUDGMENT:** Actions Barred—Splitting Action. A party to a continuing, executory contract may, *notwithstanding the wrongful repudiation of the contract by the other party,* insist on the contract and sue and recover the matured installments to date; and such action is no bar to a subsequent action to recover henceforth for the wrongful breach of the contract. (See Book of Anno., Vol. 1, Sec. 10939, Anno. 11 *et seq.*; Sec. 11567, Anno. 90 *et seq.*)

Headnote 1:   1 C. J. p. 1112 (Anno.)

Headnote 1:   1 R. C. L. 341; 15 R. C. L. 965.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

JANUARY 11, 1927.

Action at law, to recover damages for the alleged breach of a contract for certain advertising space in street cars operated by the Cedar Rapids city division of the Cedar Rapids & Marion City Railway Company and the Cedar Rapids & Iowa City Railway Company from and after May 22, 1921. The trial court found and determined that, prior to the commencement of the instant action, the plaintiff had commenced an action against the defendant and obtained a settlement, and that by reason thereof the plaintiff is now precluded from further suit, on the theory that plaintiff may not split its cause of action or litigate same in piecemeal. Petition of plaintiff was dismissed, and judgment was entered against plaintiff for costs. Plaintiff appeals.— *Reversed.*

*Otto L. Schluter* and *R. S. Milner,* for appellant.

*Stewart, Penningroth & Holmes,* for appellee.

DE GRAFF, J.—The pleadings and the findings of the trial

court present but one question on this appeal, to wit: Was the plaintiff estopped to recover damages in the instant case on the theory that it had split its cause of action by the commencement and prosecution of a prior action predicated on the same contract? This question necessitates a brief statement of the facts.

Plaintiff, a corporation, executed a written contract with the defendant on April 22, 1921, for the leasing to defendant of space in street cars for advertising purposes. The contract stipulated a rental of $25 per month for a period of 60 months. By reason of default on the part of the defendant in paying the monthly rental, plaintiff, in October, 1922, commenced an action for the recovery of certain installments then due and unpaid by defendant, and certain items of cost for advertising cards which had been furnished by plaintiff at the instance and request of the defendant. Prior to the commencement of that action, the defendant had, in writing, bearing date September 19, 1922, renounced the contract with plaintiff. To this letter containing the notice of rescission the plaintiff replied, September 28, 1922, advising the defendant that it was holding and would continue to hold and reserve the advertising space in question for the defendant, and, in fact, refusing to recognize or accept the renunciation of the contract, and requesting the defendant to reconsider his action for discontinuance of service. Thereafter, plaintiff sent to the defendant each month a statement of the rental due, which statements were received by the defendant. In March, 1923, the defendant paid the demand for installments due to September 19, 1922, as evidenced by plaintiff's prayer for recovery in the first suit, and thereupon the action was dismissed. No further payments having been made by defendant under the contract, and the plaintiff in the meantime having kept good its tender of performance, the instant action was instituted, October 13, 1923, wherein plaintiff elected to treat defendant's written notice of rescission as effective, and sought to recover damages for the breach of the contract.

The theory of the defendant-appellee is that, in October, 1922, when the first action was instituted, the plaintiff had two causes of action, which could and should have been joined; and that, by reason of its failure so to do, plaintiff is now estopped from splitting its causes of action.

The rule is well settled, as contended by appellee, that a

party litigant may not split his causes of action and try a case by piecemeal. It is true that the law will not tolerate a multiplicity of suits, but requires a party to present his entire claim or demand in one action. *Ingold v. Symonds,* 134 Iowa 206; *In re Estate of Cook,* 143 Iowa 733; *Kruce v. Lakeside Biscuit Co.,* 198 Mich. 736 (165 N. W. 609); 1 Corpus Juris 1112, Section 287.

The principle stated, however, does not furnish the terminal point of the matter involved in this action. The defendant, in effect, claims that the plaintiff was under obligation to take him at his word and sue him for the breach of the entire contract. A careful examination of the evidence discloses that the plaintiff did not concur in defendant's viewpoint as to rescission. Nowhere does it appear that plaintiff elected to accept a renunciation of the contract and to consider it as breached, until the second suit was instituted. If it could be said that the contract was indivisible in its nature, and capable only of a single breach, the first complaint might amount to an election to seek in that suit all damages for past, as well as anticipated, breaches. In the first action, the plaintiff assigned a breach of contract as to a past and a particular breach or breaches. It is a continuing contract. There was no claim or charge as to all future and unfulfilled obligations. The contract is executory, and the first action applied to a recovery of only that part of the contract that was executed. The first action was not anticipatory in any sense.

It is now well settled that the final renunciation by one party of a contract providing for future performance gives to the other party an immediate right of election either to continue to assert his strict contract rights or to accept the renunciation and sue upon that as a distinct cause of action. *Flanders v. Canada-Atlantic & P. S. S. Co.,* 161 Fed. 378, affirmed in 91 C. C. A. 307 (165 Fed. 321). A renunciation authorized the plaintiff to treat the contract as broken. *McCormick v. Basal,* 46 Iowa 235. This is optional with the nondefaulting party, and he is under no obligation to join therein and accept the breach as one *in præsenti.* In brief, the renunciation becomes a wrongful act only as, if, and when the promisee elects to treat it as such.

Nothing in the instant record tends to show that plaintiff in its first action elected to accept a renunciation of the contract or

to forego its right to a strict performance according to the terms of the contract. Plaintiff was under no compulsion to do the thing that defendant urged in the trial below and now urges on this appeal.

As said by Chief Justice Fuller, in *Roehm v. Horst,* 178 U. S. 1:

" 'The promisee, if he pleases, may treat the notice of intention as inoperative, and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of nonperformance * * *. On the other hand, the promisee may, if he thinks proper, treat the repudiation of the other party as a wrongful putting an end to the contract, and may at once bring his action as on a breach of it * * *.' 'Such a renunciation does not, of course, amount to a rescission of the contract, because one party to a contract cannot by himself rescind it; but by wrongfully making such a renunciation of the contract he entitles the other party, if he pleases, to agree to the contract, being put an end to, subject to the retention by him of his right to bring an action in respect of such wrongful rescission.' "

To the same effect is our holding in *Holloway v. Griffith,* 32 Iowa 409. See, also, *McCay v. McDowell,* 80 Iowa 146; 1 Corpus Juris 1107, Sections 278, 285, 286, and 296.

Under the instant facts, we are of the opinion that the prior action constituted no bar to the second. The judgment entered by the trial court is—*Reversed.*

EVANS, C. J., and STEVENS, FAVILLE, VERMILION, and ALBERT, JJ., concur.