In re TIDY HOUSE PRODUCTS CO.
No. 9755.

United States District Court
S. D. Iowa
Central Division.
March 31, 1948.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, Iowa, for petitioners Vernon B. Hunt et al.

C. Glenn Garten and Xen Q. Lindel, both of Des Moines, Iowa, for trustee.

DEWEY, District Judge.

In the above entitled matter there was filed in this court by Vernon B. Hunt, R. E. McCurdy and Mrs. Gail R. Gamblin, an application asking this court to review an order made by the referee in bankruptcy, dated March 1, 1948.

Prior to the filing of its petition in bankruptcy, Tidy House Products Company was engaged in the manufacture and sale of certain household cleaning products which were prepared, compounded and sold under the trade mark or trade name of "Tidy House." The products included cleaners, shampoos, powders, soaps and polishes and like products, but were all dispensed as products of "Tidy House."

The company had procured its right to the manufacture and sale of these products from these petitioners by a written contract executed on the 6th day of September, 1941. This contract sells, assigns, transfers and sets over to the Tidy House Products Company, a corporation, all the property used in connection with said business, and the entire right, title and interest in and to certain trade marks and the good will of the business theretofore carried on by the vendors at Des Moines, Iowa, and elsewhere.

As a consideration for such sale and transfer the Tidy House Products Company, this bankrupt, agreed to and did pay as a part consideration therefor the sum of $6500, and also—

"As additional consideration for said sale and transfer, the Company hereby agrees to pay to the vendors, their succes-

sors or assigns, as a royalty on the net sales of all products manufactured and sold each year by the Company, its successors or assigns, under the name 'Tidy House,' a sum equal to 3% of said net sales, but not less than $100 for any one year * * * Such royalty shall not apply to company's sales of products under any name other than "Tidy House."

The contract also provides how the company is to make payments of the royalties and also provides that—"The Trade Marks * * * shall revert to vendors"—in the event of failure to pay the royalties as provided by the contract.

The Company continued the manufacture and sale of said products and paid the royalties under said trade name since its acquisition of the business in 1941 until the filing of its petition in bankruptcy in this case.

Evidently to abrogate that part of the contract which provides for the payment of royalties the trustee applied for and was granted an order to sell all of the personal property of the bankrupt, including the good will and trade marks, with the provision that the sale should be made, not only free and clear of all liens and encumbrances, but also—"without any provision for the payment of any royalty to Vernon B. Hunt, R. E. McCurdy and Mrs. Gail R. Gamblin."

It is this order of sale and this provision of the contract that these petitioners object to and ask that the order of the referee to sell without payment to them of the royalty provided for in the contract should be set aside and voided.

While there is little authority on the question for determination, it has not been pointed out to me wherein the trustee has the right to accept all of the provisions of a contract, including trade marks, and repudiate the consideration provided for in the contract.

There is no dispute as to the validity of the original contract of sale dated Sept. 6, 1941, or the rights of these petitioners to the royalties under that agreement.

There can be little doubt but that the contract of Sept. 6, 1941, is executory, and that the matters for decision here have to

do with the rights of a trustee in and to property which had been conveyed to the company by an executory agreement. See Remington on Bankruptcy, Vol. 2, Sec. 852.26.

■ It is true that the Supreme Court of the United States has held, after considerable dispute between the lower courts, that a proceeding in bankruptcy, whether voluntary or involuntary, which results in an adjudication of bankruptcy, is the equivalent of an anticipatory breach of an executory agreement. Central Trust Co. v. Chicago Auditorium, 240 U.S. 581, 36 S.Ct. 412, 60 L.Ed. 811, L.R.A.1917B, 580. And it has also been held that if the vendors elect to do so, they may accept this breach of the contract and file their claim for damages for the breach. A trustee is under no obligation to accept a patent license burdened with executory obligations. In re Wisconsin Engine Co., 7 Cir., 234 F. 281. And see Remington on Bankruptcy, Vol. 2, Sec. 1142.

■ However, it is a general rule that an anticipatory breach of a contract is not a rescission or abandonment of such contract, but permits the vendor either to rescind by reason of the breach or keep the contract alive and sue upon it for a breach. 17 Corpus Juris Secundum, Contracts, § 429; Collier v. Rawson, 202 Iowa 1159, 1161, 211 N.W. 704.

The Congress of the United States in 1938 amended the Bankruptcy Act and made provision for the termination of an executory contract by providing:

"Within sixty days after the adjudication, the trustee shall assume or reject any executory contract, including unexpired leases of real property: Provided, however, That the court may for cause shown extend or reduce such period of time. Any such contract or lease not assumed or rejected within such time, whether or not a trustee has been appointed or has qualified, shall be deemed to be rejected. A trustee shall file, within 60 days after adjudication, a statement under oath showing which, if any, of the contracts of the bankrupt are executory in whole or in part, * * * and which, if any, have been rejected by the trustee: Provided, however, That the

court may for cause shown extend or reduce such period of time. * * *" Sec. 70, sub. b, Bankruptcy Act, Sec. 110, sub. b, Title 11 U.S.C.A.

Nothing appears that would indicate that the trustee had made such an election with reference to this executory contract or that the trustee had filed the report as required by the provisions of the Act just set out, or has abandoned the contract as burdensome.

However, the parties do not appear to claim that the contract of Sept. 6, 1941, was breached by the filing of the petition in bankruptcy, but they assign other reasons why they believe the order as made by the referee should be approved. One of these reasons is that the trustee by reason of the bankruptcy was—

"vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; * * *" Sec. 70, sub. c, Bankruptcy Act.

And they claim that by reason of this provision, under the recording statutes of the State of Iowa, Sec. 556.3, Code of Iowa 1946, the contract of Sept. 6, 1941, insofar as it provides for the payment of a royalty, was of no validity as against the trustee who took the property without notice.

■ One difficulty with all of these arguments is that the order of sale here recognizes the contract of Sept. 6, 1941, and the transfer therein of the Trade Marks, as a valid and subsisting contract and seeks to accept all the benefits of that contract; to accept the trade marks, and to reject only that part thereof which is burdensome to the estate. When a trustee adopts an executory contract, he assumes the liabilities. Greif Bros. Cooperage Co. v. Mullinix, 8 Cir., 264 F. 391. If the contract is rescinded, then there would in effect be an abandonment of the entire contract and the bankrupt estate could have no benefits therefrom.

Another difficulty with these arguments is that the law regarding breaches and rescission has reference to property or contracts, and not only to that part of an

agreement that carries a burden to the estate.

I might say in passing, that I cannot agree with the contentions of the bankrupt and the trustee that the contract referred to is a chattel mortgage or that it creates any lien on any property.

A royalty is—"A share of the profit, reserved by the owner for permitting another to use the property." Webster's Dictionary.

 When a trustee abandons an asset, it is to be treated as if the bankrupt never had title to it, so that the title stands as if no assignment had been made. Remington on Bankruptcy, Vol. 2, Sec. 852.08, citing: Brown v. O'Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827; Sessions v. Romadka, 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406.

There is some claim also that the provisions in the contract with reference to the payment of royalties is a voidable preference which is set aside by the bankruptcy proceedings. I know of no law which is quite that strong as there must be a judicial determination of a preference before it can be relied upon, and the statement in the Bankruptcy Act of a voidable preference is not sufficient to avoid it per se.

While not urged in argument, it might be claimed that the contract could not be assigned to a third person by reason of its nature. However, the contract itself recognizes that it might be sold or transferred by the vendee, as it refers in the reservation of royalty to a payment of such royalty—"by the company, its successors or assigns."

Both parties rely upon the case of In re Waterson et el., 2 Cir., 48 F.2d 704. The questions there for determination were somewhat different from those in the present case, as there is no question here of a rescission by failure to make the copyright productive.

But aside from that question of fact, the case seems to support the finding of this court in this case. I can find nothing in the fact that this is a proceeding in bankruptcy, or in any of the provisions of the Bankruptcy Act, which frustrates the right of these petitioners to insist that in the case of a sale or transfer of the right to use the trade marks that their royalty be preserved.

The order of the referee therefore dated March 1, 1948, and upon which a review in this case is asked will have to be set aside and the proceedings remanded to the referee in bankruptcy for further proceedings in keeping with this opinion.