## CROSS *v.* UNITED STATES.

The government had leased from A. a warehouse for ten years, the rent payable by instalments.   A. assigned his lease to B. and died.   B. sued the government in the Court of Claims for certain instalments of the rent which became due after the assignment.   The Court of Claims dismissed the claim solely on the technical ground that the assignment of

the lease was not so drawn as to vest B. with a legal title to the accru-
ing rents. Congress afterwards passed a joint resolution reciting that
B. had " heretofore " filed his petition, &c., on account of rents alleged
to be " *due,*" and that the court had dismissed the " *said* " petition on
the sole ground of an alleged technical defect, and remanding " the *said*
cause*"* to the Court of Claims for a *further* hearing, upon the testimony
already taken " and such *further testimony as either party might take,*"
and ordering that if, on such further hearing, it should appear that B.
was in justice and equity entitled to the rents due on the lease the court
should render judgment in his favor : *Provided* that no money should be
paid him from the treasury until after he had given indemnity against
any demand which might be set up by the heirs of A. (the original les-
sor) "*under or by virtue of the said lease or contract.*"

*Held* that B. could sue in the Court of Claims for all the rent that became
due under the lease ; and that the fact that, after the remand, he had
filed his second petition for but the same rents for which he had filed
his first, did not so exhaust the power of the court under the joint reso-
lution as that he could not file a third one for additional rents ; even
though they were rents that were due when he filed his second petition
and such as he might have included in a claim in it.

APPEAL from the Court of Claims ; the case being this :

Daniel Saffarans, in 1851, according to the forms of law,
leased to the United States for a term of ten years, at a cer-
tain monthly rent, a warehouse in San Francisco. Alexan-
der Cross advanced the money to complete the building,
and was compelled for his own protection to purchase the
property and the contract of lease. The lease was assigned
to him and the warehouse occupied by the government for
a term of three years, when the Secretary of the Treasury
of that day, availing himself of an apparent legal informality
in the assignment of the lease, against the written protest
of Cross, rescinded the contract.

On the 15th of November, 1856, Cross petitioned the
Court of Claims for relief, but failed to obtain it on the
ground that the assignment of the lease was defective and
insufficient to vest in him a legal title to the accruing rents.
This adverse decision, in conformity with the law at that
time, was reported to Congress, and while the proceeding
was pending there, Congress, on the 2d July, 1864, passed
the following joint resolution for his relief :

" Whereas Alexander Cross *heretofore* filed his petition in the

Court of Claims of the United States, praying relief on account of certain rents alleged to be *due* from the United States to him as assignee of one Daniel Saffarans, by virtue of a certain alleged contract of lease between the said Saffarans (who is now deceased) and the United States; and whereas the said Court of Claims, on the 24th of January, 1859, rendered a decision adverse to the prayer of the *said* petition, on the sole ground of an alleged technical defect in the assignment of said lease from the said Saffarans to the said petitioner: Now, therefore,

"*Be it resolved*, &c., That the *said cause* be remanded to said Court of Claims for a *further* hearing, upon the testimony heretofore filed therein, *and such further testimony as either party may take;* and if, upon the further hearing of said cause, it shall appear that the said petitioner is the *equitable owner of said lease, and in justice and equity entitled to the rents (if any) due thereon from the United States, the said court shall be authorized to render judgment therefor* in his favor, notwithstanding any technical defect in the assignment of said lease: Provided that no money shall be paid out of the treasury upon any judgment which may be rendered in favor of the petitioner in said cause, until he shall have filed with the Secretary of the Treasury a bond, with ample security, in such sum as will fully indemnify the United States against any demand which *may* be set up and established by or on behalf of the heirs or representatives of the said Daniel Saffarans, deceased, *under or by virtue of said contract or lease.*"

Cross, accordingly, after the passage of the resolution, by a supplemental petition, asked the Court of Claims to rehear the cause and give him judgment for the instalments of rent claimed in his original petition, embracing the terms of time between the 14th day of August, 1853, and the 14th day of November, 1856. This was done. Two years afterwards he brought another action, to recover the instalments of rent (amounting to $69,515) which were not included in the first suit.

The court below held that this second suit could not be maintained because the power and authority conferred upon it by the joint resolution had been exhausted when it reheard the cause and rendered judgment. From that judgment it was that the present appeal was taken.

The only question in this case related, of course, to the proper construction of the already-quoted joint resolution of Congress of July 2d, 1864.

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, in support of the ruling below:*

The joint resolution only applied to the case of the first petition of the appellant in the Court of Claims. This is shown by the preamble: "*Whereas*, Alexander Cross, *heretofore* filed his *petition* in the Court of Claims of the United States, praying relief on account of certain rents alleged to be due from the United States to him;" and "*Whereas*, as the said Court of Claims rendered its decision adverse to the prayer of *said petition;*" and therefore, "*Be it resolved,* &c., That the *said cause* be remanded to said Court of Claims for a *further* hearing, upon the testimony heretofore filed therein, and such further testimony as either party may take and file pursuant to the rules of said court."

This language would seem to refer to the cause of action covered by the first petition, and to none other; and as the Court of Claims could not give relief except so far as it was specially authorized by this act of Congress, its powers must be strictly confined within the language and limits of that act.

But if the resolution is broad enough to cover any claim which the appellant had against the United States under the lease from Saffarans, then the former judgment is a bar to any future recovery by him for the same cause of action. The resolution certainly did not contemplate more than one action, and when the appellant filed his supplemental petition, the rents for which he now sues were due and might have been included by him in that suit. As he did not elect to do so, but brought a suit for a portion only of his claim, he has lost by his laches any right which he might have had under the resolution to recover the amount of the rents which he had negligently omitted to include in his petition.

*J. J. Combs, contra, for the claimant.*

Mr. Justice DAVIS delivered the opinion of the court.

To uphold the ruling made by the Court of Claims would be, we think, to take a narrow view of the legislative intention in this case and to give substantial effect to the technical defences which have distinguished this litigation. There is no defence now on the merits, nor was there when the case went to Congress. It went there, not because the United States was not bound by the covenants of the lease, but for the reason that, in the opinion of the Court of Claims, Cross had not the legal right to enforce the obligation. Saffarans had undertaken to assign the lease to Cross, and no question was made as to his ownership until the Secretary of the Treasury attempted to rescind the contract. Then it was discovered that the assignment lacked legal formality, and the government availed itself of this defence, and this only, in the Court of Claims to defeat the action. In this state of case Congress was called upon to act.

The technical defect in the mode of assignment was the only obstacle encountered by Cross in the prosecution of his claim, yet while it remained it was effectual to prevent a recovery. To remove it and allow a trial on the merits required the assent of Congress, and this was given. That the waiver by Congress of the right of the United States to make this defence was not limited to any particular suit, but was extended to the entire controversy respecting the lease, seems clear enough from the language of the resolution itself. The Court of Claims was told if it found Cross to be the equitable owner of the lease, and in justice and equity entitled to the rents (if any) due thereon from the United States, to render judgment in his favor, notwithstanding any technical defect in the assignment of the lease. And to leave no room for doubt on the subject the court was directed further, to take bond from Cross to indemnify the government " against any demand which may be set up and established by or on behalf of the heirs or representatives of Saffarans under or by virtue of said contract or lease." Why the extent of this requirement if the waiver was only applicable to the rents in controversy in the proceeding then

pending before Congress?　We cannot suppose, without an express declaration to that, effect, that Congress intended to legislate in a manner that would enable a creditor of the government to obtain only a *part* of his claim when the *whole* of it was deemed by the court that tried the case to be meritorious.

It is true the lease was at an end when Congress acted and the court reheard the cause, and Cross could by proper amendment to his petition have embraced also that portion of his demand for which he now sues; and that would have been the proper course for him to have pursued, but he was not compelled to take it. In covenant for non-payment of rent, payable at different times, a new action lies as often as the respective sums become due and payable. As this suit is for instalments of rent not due when the first suit was instituted, and as they were not included in it in any stage of the proceeding, the plea of former recovery has no application.

On the finding of facts by the court below judgment should have been rendered for the claimant for $69,515.

It is, therefore, ordered that the judgment be reversed and the cause remanded to the Court of Claims, with directions to enter

JUDGMENT FOR THAT SUM.