MARIE WELLESLEY STERLING McEVOY *vs.* FREDERIC BOCK and others.

## November 7, 1887.

**Practice—Misnomer—Amendment.**—It is in the discretion of the trial court to amend the record in respect to the plaintiff's name; and, if there be no suggestion that the defendant was misled, this court would not review its action.

**Evidence—Oral Proof of Partnership.**—The fact of a copartnership, and who compose it, may, at least in behalf of a third person, be proved by oral testimony, even though there be written articles.

**Judgment for Instalment of Salary — Action for Subsequent Instalments.**—Upon a contract of employment at a fixed salary, payable at stated periods, an action and recovery for one of such periods is no bar to a subsequent action to recover salary becoming due subsequent to the commencement of the first action.

The plaintiff brought this action in the municipal court of Minneapolis, to recover for services rendered the defendants under a written contract. The action was tried without a jury, and judgment directed for the plaintiff. Among other defences the defendants pleaded as a bar to this action a former recovery by the plaintiff upon the same contract. (A decision of this court in such former action is reported *supra*, p. 29.) This action was brought by the plaintiff under the name of Marie Wellesley Sterling. After the trial of the action, on the application of the plaintiff, the pleadings and record were amended by correcting the name of the plaintiff by adding "McEvoy." The defendants appeal from the order allowing this amendment, and also from an order refusing a new trial.

*Merrick & Merrick,* for appellants.

*Weed Munro,* for respondent.

GILFILLAN, C. J. Plaintiff sues defendants as copartners upon a written contract of employment, by which the partnership employed plaintiff as an actress for a specified time, at a specified salary per week, payable at the end of each week. The contract was made by plaintiff by the name of Marie Wellesley, and the suit was brought in the name of Marie Wellesley Sterling, while her full legal name

was Marie Wellesley Sterling McEvoy; Marie Wellesley being what is called her stage name, and Marie Wellesley Sterling her business name, or the name by which for 12 years (as she testified) she transacted her business. The court below, against defendants' objection, permitted the record to be corrected by inserting plaintiff's full legal name. This was within the discretion of the court, and, as there was no suggestion that defendants had been misled, it will not be reviewed.

On the trial, the court allowed plaintiff to prove by oral testimony the partnership, and who composed it, although there were written articles of copartnership. This was correct. The fact of a copartnership, and who compose it, may, certainly in behalf of a third person, be proved by parol, even if there be written articles, though the terms of it cannot be so proved. With the terms of the articles plaintiff had no concern,—they were not in question in the case; so that there was no issue to which they were relevant, and when offered by defendants they were properly excluded.

Plaintiff had sued and recovered for one week's salary prior to the time claimed for in this action. The salary being payable weekly, she could at any time sue for all due her at the time of commencing suit, without barring her right to afterwards sue for and recover salary subsequently becoming due.

We see nothing in any of the assignments of error.

Orders affirmed.