NAPA VALLEY WINE COMPANY v. ARTHUR E. DAUBNER.[1]

December 3, 1895.

Nos. 9695—(143).

**Extension of Payment — Nonpayment of Instalment — Premature Action.**
Where, for a valuable consideration, a creditor has agreed with his debtor to postpone and extend the time for payment, so that the debt shall be payable from time to time, in instalments, an action to recover the entire indebtedness cannot be maintained, notwithstanding the debtor has wholly failed to pay as the instalments fall due, until the amount of the last instalment is due. Such an action would be prematurely brought as to instalments not yet payable, according to the terms of the agreement for an extension.

Action in the district court for Clay county to recover a balance of $286.91 due for goods sold and delivered. The summons was

[1] Reported in 65 N. W. 143.

dated July 13, and was served July 14, 1893. The complaint alleged that the price of the goods was $1,003.97 and admitted payments made between September 30, 1891, and January 9, 1892, amounting to $717.06. The answer alleged that March 11, 1892, plaintiff, together with substantially all the other creditors of defendant, for a valuable consideration, entered into an agreement with defendant whereby plaintiff extended the time of payment of the balance of the amount set forth in the complaint as follows: 25 per cent. until August, 1892; 25 per cent. until December 25, 1892; 25 per cent. until April 15, 1893; and 25 per cent. until September 15, 1893. The answer also alleged a payment of $118.75 on January 7, 1892, and another payment of $100 on March 11, 1892. The reply admitted the agreement set forth in the answer, but alleged that defendant had wholly failed to comply with it, and also alleged that the payments set forth in the answer had been duly credited to defendant and were included in the sum of $717.06 admitted in the complaint to have been paid. Upon the pleadings, supported by affidavits filed by plaintiff to show that the balance as stated in the complaint was correct, the court, Baxter, J., ordered judgment in favor of plaintiff; and from a judgment entered in pursuance thereof in favor of plaintiff for $286.91 principal and $60 interest, with costs, defendant appealed. Modified.

*W. B. Douglas,* for appellant.

*C. A. Nye,* for respondent.

COLLINS, J. According to the allegations of the complaint and the admissions in the answer in this action, there was no dispute as to the sale and delivery by plaintiff to defendant of the merchandise, or as to the reasonable value of the same; and, also, that payment in full therefor had not been made. But, from the allegations of the answer and the admissions found in the reply, it clearly appeared that, after the maturity of the debt, plaintiff, for a valuable consideration, agreed with defendant to postpone and extend the time for the payment of the balance due,—one-fourth of such balance to be paid in August following; another fourth, December 25; another fourth, April 15 of the year following; and the remainder, September 15. No payments whatever had been made upon this balance, and this action, to recover the entire amount due before this agree-

ment was entered into, was brought some two months before the final payment matured according to the agreement for an extension.

Upon considering plaintiff's motion for judgment on the pleadings, the court below seems to have treated the agreement set out in the answer—and it was also alleged therein that substantially all of defendant's creditors made the same agreement with him—as a composition agreement, and then to have applied the rule in cases where the conditions precedent in such agreements have not been complied with. The court held that, although one-fourth of the balance of the debt was not due at the commencement of the action, the facts that defendant was then in default as to all of the payments and had paid none of them, and that the last was actually due when the motion was made and was a part of the cause of action stated in the complaint entitled plaintiff to judgment upon the pleadings for the entire debt.

This was error, for the agreement set out in the answer, and conceded by the reply, was not a composition agreement, nor was it conditional in any respect. It was an irrevocable, unconditional agreement, made for a valuable consideration, to extend and postpone the time for the payment of defendant's indebtedness. As each instalment of the balance unpaid became due and payable under the terms of the new contract, an action to recover the amount of that instalment could have been maintained; but the original contract for payment was not revived by a failure to pay in instalments, nor would an action lie to recover the whole indebtedness until it had all matured. Such an action would be prematurely brought as to instalments not due.

We are of the opinion that it clearly appeared by the pleadings and papers on which the motion was made that the $100 payment referred to in the answer was a part of the total sum admitted in the complaint to have been paid by defendant. No one seems to take issue on this. As it stood conceded that plaintiff was, at least, entitled to recover all that he claimed in his complaint, except the amount of the payment which did not mature until subsequently to the bringing of this action, the case is remanded, with directions that the court below modify the judgment appealed from by deducting therefrom the amount of defendant's indebtedness which did not fall due until September 15, 1893.

MITCHELL, J.  I concur.  The contract pleaded is not an executory agreement to extend, provided the debtor perform some condition precedent, but an executed agreement of extension.  It is therefore not material whether it was a composition agreement or not.

CANTY, J., concurs with MITCHELL, J.