WILLIAM H. McCALLUM and Another v. NATIONAL CREDIT INSURANCE COMPANY and Others.[1]

July 5, 1901.

Nos. 12,660—(174).

### Insurance—Adjustment of Loss—Action.

When an insurance company settles and adjusts a loss with the policy holder, and promises and agrees to pay the amount agreed upon, such settlement and adjustment becomes a new and independent contract, and the period fixed by the terms of the policy for bringing action thereon does not apply to the action brought upon the settlement.

### Action to Recover Premiums on Cancelled Policy.

An action against an insurance company to recover back premiums paid upon a policy of insurance which was, subsequent to its issuance, cancelled and rendered inoperative by the act of the company, is not an action upon the policy, and need not be brought within the one-year limit fixed thereby.

Appeal by defendants Freeman P. Strong and others from a judgment of the district court for Hennepin county, Elliott, J. Affirmed.

*Davis, Kellogg & Severance* and *Robert E. Olds,* for appellants.
*Henry Conlin* and *W: S. Dwinnell,* for respondents.

[1] Reported in 86 N. W. 892.

BROWN, J.

Action to enforce the statutory liability of stockholders. Plaintiffs had judgment in the court below, and defendants appealed.

The National Credit Insurance Company, a corporation created and existing under the laws of this state, and engaged in the business of insuring merchants and others against losses in their business affairs, became insolvent, and made a general assignment for the benefit of its creditors. The assignment proceedings were duly conducted to a conclusion, but the assets of the corporation were insufficient to pay its debts, whereupon this action was brought by plaintiffs, who are creditors of the corporation, in behalf of themselves and all other creditors, to enforce the liability imposed by statute in such cases against the stockholders. Subsequent to the commencement of the action the court below made an order limiting the time for creditors to appear and present their claims. The time so fixed was thereafter extended on application of some of the creditors, but no notice of the application for such extension was given to the stockholders. As to them, the order was ex parte. A large number of creditors subsequently appeared, and presented and proved their claims against the corporation. The claims so presented appear to have been of two classes: (1) For losses incurred under policies issued by the corporation; and (2) claims for premiums paid the corporation on issuance of policies, which policies had not expired at the time of the assignment of the corporation, in consequence of which the premiums were unearned. Policy holders so situated presented claims for such unearned premiums. The court below, after hearing all parties interested, ordered judgment against the stockholders, and they appealed therefrom. Two assignments of error are made by appellants: (1) That the court below erred in making an order on the ex parte application of the creditors extending the time for the presentation of claims; (2) the court erred in allowing claims of any of the creditors except plaintiffs in this action, it not appearing that such claims had been established by suit or action upon the several policies.

1. The court below had jurisdiction of the action and proceedings, and the error, if error it be, in making the ex parte order

extending the time for creditors to present their claims, at most was an irregularity not affecting its jurisdiction. The only reason for giving notice to the stockholders of the time limited for the presentation of claims was that they might be afforded an opportunity of inspecting claims presented, and contesting any such as might, in their judgment, be invalid and not enforceable. No application was presented to the court below, so far as the record informs us, to set aside the order complained of, or for the right to be heard in opposition to any claim presented; and, so far as we are informed, all claims presented to the court below were proper and legitimate to be allowed in the proceedings. No prejudicial error is shown, therefore, with reference to the first assignment. Danner v. Capehart, 41 Minn. 294, 42 N. W. 1062.

2. The terms of the policy issued to the several creditors interested in the action provided, among other things, that the final proofs of loss, in all cases where there was a loss, should be presented to the company within thirty days after the expiration of the contract, and, if not so presented, they should be deemed forever barred. The policy also provided that

"No suit or action for recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the said second party [the insured] with all the requirements of this bond, nor unless commenced within twelve months after the expiration of this bond."

As noted, the claims presented by the creditors against the corporation were of two classes: (1) Those arising from losses under the contract of insurance; (2) claims for unearned premiums. As to the first class, it appears from the record that the claims for losses under the contracts had, prior to presentation in this proceeding, been settled and adjusted between the creditors and the corporation, and the corporation agreed to pay the amount found due. The settlement and adjustment of such claims created an original demand and obligation, and the liability of the corporation was thereafter upon the settlement so made, and not upon the contract of insurance. Godchaux v. Merchants, 34 La. An. 235; Christofferson v. Howe, 57 Minn. 67, 58 N. W. 830; Farmers v.

Chesnut, 50 Ill. 111; In re St. Paul German Ins. Co., 58 Minn. 163, 59 N. W. 996; Smith v. Glen's Falls, 62 N. Y. 85.

The case is unlike that of Willoughby v. St. Paul German Ins. Co., 68 Minn. 373, 71 N. W. 272. In the case at bar the court below expressly found that the parties settled and adjusted the claim for losses, and that the company promised and agreed to pay the same; thus creating an original agreement and liability. In the Willoughby case the fact did not so appear. The liability of the corporation, therefore, not being upon the contract of insurance, but upon the settlement of losses incurred thereunder, it was unnecessary to bring action against it as provided by the terms of that contract, or present claims therefor within the time there provided.

The claims for unearned premiums were not claims or liabilities under the contract of insurance. The policy holders had paid to the company premiums for policies which the company by its assignment could not fulfil. There was a breach of the contract on the part of the company, and its liability was not such as would come within the provisions of the contract requiring suit to be brought against it within twelve months. The claims were proper to be presented to the assignee in the first instance, and, not having been fully paid from the assets in his hands, were proper to be presented in this action. They are not such claims as are required to be prosecuted by action within a year from the time they accrued. Waller v. Northern, 64 Iowa, 101, 19 N. W. 865. The insolvency and assignment of the corporation prevented a performance of the contract on its part, and a cause of action arose in favor of the policy holders as for money had and received. Herrick v. Newell, 49 Minn. 198, 51 N. W. 819.

The judgment appealed from is affirmed.