BERTHA GALLENBECK and Another v. NORTHWESTERN MUTUAL RELIEF ASSOCIATION.[1]

October 18, 1901.

Nos. 12,608—(11).

**Life Insurance—Complaint Defective.**

It is *held*, in an action to recover upon a life insurance policy, that the complaint failed to state facts sufficient to constitute a cause of action against the defendant named as the "Northwestern Mutual Relief Association."

Appeal by plaintiffs from an order of the district court for Red

[1] Reported in 87 N. W. 614.

Lake county, Watts, J., sustaining a demurrer to the complaint. Affirmed.

*Henry W. Lee*, for appellants.

*A. A. Miller*, for respondent.

COLLINS, J.

Defendant, the "Northwestern Mutual Relief Association," demurred to the complaint in this action upon the ground that, as against it, facts sufficient to constitute a cause of action were not stated. This demurrer was interposed after an order had been made by the court below vacating and setting aside service of the summons and complaint upon the "Northwestern National Life Insurance Company," which, from the moving papers, seems to be a foreign corporation, formerly known and designated as the "Northwestern Mutual Relief Association," but refusing to set aside and vacate a like service upon the latter, admittedly a foreign corporation. The alleged service was upon the insurance commissioner, as provided in G. S. 1894, § 3186.

The complaint alleged the making of a contract for life insurance of date November 20, 1888, executed and delivered by this respondent, the association, to one Fred Gallenbeck, a copy of the same being made a part of the complaint as "Exhibit A." It then alleged

"That on the 11th day of June, 1900, the said Northwestern Mutual Relief Association did further contract to and with said Fred Gallenbeck, whereby, in consideration of the surrender to said defendant of the said policy of insurance and the execution and delivery by said Fred Gallenbeck to the defendant his certain promissory note for the sum of $15.98, and the creation of a lien upon the policy of insurance then and there issued for the sum of $128.80, bearing interest at the rate of 4 per cent. per annum, the said defendant executed and delivered to the said Fred Gallenbeck a further contract or policy of insurance, a copy of which is hereto annexed, and for convenience marked 'Exhibit B,' and hereby made a part of the complaint herein."

The death of the assured, that he left surviving a widow, the plaintiff Bertha, and a minor son, for whom the other plaintiff, Meehan, had been appointed guardian ad litem, and that the

widow and son were the beneficiaries under the policy, were also alleged.

It is obvious, from the allegation which is quoted above, that the contract, known as "Exhibit A," was executed and delivered by the association, was surrendered by the assured, and another contract, known as "Exhibit B," was issued and delivered in its place and stead, and it necessarily follows that, if any claim at all can be enforced by the beneficiaries, it must be against the corporation which issued the last contract, and which became bound thereby. Surrender of the 1888 contract with the association, and an exchange for that dated June 11, 1900, executed and delivered by the company, operated to relieve the former from all liability upon its agreement, and to substitute therefor the obligation of the latter, unless something transpired not pleaded. It is plain that the association, this respondent, is not liable under the facts set forth in the complaint.

Even if it could be made liable, under any circumstances, upon the contract of the insurance company, the complaint is defective, and fails to state a cause of action upon that instrument, either as against the party whose obligation it appears to be, or as against the respondent, the association, which, upon the facts stated, is not bound by any of its terms. The allegation is that the assured died July 15, 1900. The policy specially provided that proofs of death must be filed within six months after the decease, and, further, that payment should become due and payable within ninety days after the filing of such proofs. There was no obligation to pay until ninety days had expired after proofs of death were filed, and that period had not elapsed when the action was commenced, so far as appears from the challenged pleading. The summons and complaint bear date January 10, 1901, and service upon the commissioner was made January 25, 1901,—six months and ten days after the decease of the assured. The only allegation as to proofs of death was that they "were duly filed with the defendant within six months after" that event, and demand was then made for payment. This allegation would be true in fact if the proofs were not actually filed until January 9, the day before the summons and complaint bore date, and only four-

teen days prior to the alleged service. The plaintiff could not bring an action to recover until the expiration of the ninety-day period before referred to, and, if so brought, it would be premature. That this ninety-day period had expired should clearly appear from the complaint. It cannot be inferred. We do not wish to be understood as holding that in other respects the complaint was sufficient. We express no opinion as to that.

Order affirmed.