HANS A. SKORDAL v. C. W. STANTON.[1]

June 12, 1903.

Nos. 13,469—(136).

**Insolvent Bank—Consideration of Note.**

Where directors of a bank execute and deliver a promissory note payable to its order, to make good an impairment of its assets, and that it may continue to do business, they cannot, upon the appointment of a receiver in insolvency proceedings, be allowed to assert as a defense that there was no consideration for the note, and that they were merely accommodation makers.

**Res Judicata.**

Where the validity of such a note has been determined in an action brought by the receiver against the makers, and judgment has been entered in his favor, such judgment is a bar to a petition filed by the directors to share in the assets of the insolvent in the hands of the receiver. And it is of no materiality that from the petition it appears that the judgment has been paid in full.

In June, 1899, plaintiff and two others, being directors of Citizens' Bank of Appleton, made and delivered their promissory note to the bank to cover the amount of its impaired capital at that

[1] Reported in 95 N. W. 449.

time. Thereafter, the bank having become insolvent, defendant as its receiver brought an action upon said note and recovered judgment against the makers thereof. Plaintiff having paid the judgment filed his petition in the district court for Swift county for leave to file his claim against the bank for the amount so paid by him. From an order, Powers, J., denying the petition and discharging an order to show cause based thereon, plaintiff appealed. Affirmed.

*Oluf Gjerset,* for appellant.

*E. T. Young,* for respondent.

COLLINS, J.

The true relation of the appellant, Hans A. Skordal, to the note in question, and to the payee, was submitted and fully and finally determined in the action brought against him by the receiver of the insolvent payee. The court then found that there was a valid consideration for the note, and, as between the creditors of the payee bank, represented by the receiver, and Skordal, the latter could not be heard to allege to the contrary, and that he was simply an accommodation maker. In the proceedings at bar, arising out of his petition to be allowed to share in dividends in the hands of the receiver, Skordal again asserted that there was no consideration for the note, and also that he was not estopped from asserting that he was merely an accommodation maker. It is true that subsequent to the trial of the action brought by the receiver he paid the judgment rendered therein, but that fact has not changed the character of the claim then made and now reiterated. His position is the same as it was before. When judgment was entered in the action brought upon the note, it fixed the liability of the petitioner for all time. It disposed of the defense which he had interposed. He had had his day in court upon the issues raised by his answer, and could not be heard a second time through the petition. Even if this were not true, it is very evident, from the facts appearing, that Skordal has no claim upon funds in the hands of the receiver as against general creditors. The assets of the bank had become impaired, and, with other directors, he executed and delivered the note to make good the deficiency. He

did this in order that the bank might keep its doors open and go on with its business. The bank continued to deal with depositors and others, all parties relying, undoubtedly, upon this, among other securities; and, when the assets are being collected for the purpose of meeting its obligations, Skordal cannot be heard to deny the validity of his note. As to creditors, he is estopped from asserting this defense. Best v. Thiel, 79 N. Y. 15; Hurd v. Kelly, 78 N. Y. 588.

The petitioner was not entitled to share in the assets, not only because of an estoppel in pais, but because of a former judgment rendered between the receiver and himself, an estoppel by record.

Order affirmed.