WILLIAM STRAMPE v. MINNESOTA FARMERS' MUTUAL INSURANCE
COMPANY.[1]

December 31, 1909.

Nos. 16,327—(117).

**Insurance — Action upon Adjusted Loss — Limitation of Time in Policy.**
Where a loss under an insurance policy is adjusted, and the insuring company agrees to pay a fixed sum on or before a day certain, a complaint alleging those facts bases the action upon the adjustment, and the limitation of time for bringing action contained in the policy does not apply.

**Insurance in State Where Not Authorized to Do Business — Action in Minnesota.**
An insurance policy, issued by an insurance company of this state upon property in a state in which the company is unauthorized to transact business, is not, in the absence of an express statute, void as to the insured. An action may be maintained in the courts of this state to recover for a loss under the policy.

**Minnesota Courts — Full Faith and Credit to Foreign Acts.**
Although the courts of the state where the loss occurred might refuse to entertain the suit, the courts of this state, in rendering judgment against the insurer, do not fail to give full faith and credit to the public acts, records, and judicial proceedings of another state.

Action in the district court for Hennepin county to recover $155, the amount of an adjusted loss under defendant's policy of insurance on certain crops growing in O'Brien county, Iowa, issued on April 8, 1903. The complaint alleged that the plaintiff had paid the defendant all the assessments made under the policy and complied with all the conditions and provisions of the policy and of the by-laws to be kept by him, and that the adjustment of the loss was made in writing and signed by plaintiff and defendant, the amount of which adjusted loss defendant agreed to pay plaintiff and plaintiff agreed to accept as a full settlement. The answer admitted the amount of loss, but alleged that the policy was void and unenforceable by plaintiff

[1] Reported in 123 N. W. 1083.

against defendant or by defendant against plaintiff, and alleged that no arbitration for the loss was ever had. The facts are stated in the opinion. The case was tried before Simpson, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*James A. Peterson* and *A. H. McVey,* for appellant.

Where a state has corporation laws similar to those in Iowa prohibiting the admission of foreign corporations, except upon full compliance with the conditions named, and especially where the statute prevents suit, the rule is settled that contracts are void and cannot be enforced, when made with such unauthorized corporations. In re Comstock, Fed. Cas. No. 3,078; Semple v. Bank of British Columbia, Fed. Cas. No. 12,659; McCanna & Fraser Co. v. Citizens' Trust & Surety Co., 76 Fed. 420, and note in 24 C. C. A. 13; Oakland Sugar Mill Co. v. F. W. Wolf Co., 118 Fed. 239; Rough v. Breitung, 117 Mich. 48; Hoskins v. Rochester, 133 Mich. 505; Henni v. Fidelity, 61 Neb. 744; Thorne v. Travelers, 80 Pa. St. 15; Mutual v. Bales, 92 Pa. St. 352; Phoenix v. Reilly, 187 Pa. St. 526; Cary-Lombard v. Thomas, 92 Tenn. 587; Myers v. Wetzel (Tenn.) 35 S. W. 896; Ashland v. Detroit, 114 Wis. 66; Illinois v. Walker (Tenn.) 42 S. W. 191.

The constitutional requirement that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state implies that the public acts of every state shall be given the same effect by the courts of another state that they have by law and usage at home. Chicago & Alton R. Co. v. Wiggins Ferry Co., 119 U. S. 615.

*A. E. Horn,* for respondent.

These contracts were made in Minnesota and the validity of the policy contract is to be determined by the laws of Minnesota. Plaintiff is in no way dependent upon any Iowa statute, but defendant pleads affirmatively as a defense that this contract is void under the laws of Iowa, but does not plead or prove any fact showing an intention to contract with reference to the laws of Iowa.

The question of what laws govern the validity of a contract is one of intention. Pritchard v. Norton, 106 U. S. 124. A contract is made at the place where the last act necessary to complete it was done, or, as some authorities put it, at the place where the final assent is given. Northampton v. Tuttle, 40 N. J. L. 476; Tayloe v. Merchants' Fire Ins. Co., 9 How. 390; Hyde v. Goodnow, 3 N. Y. 266; State v. Brinkley, 61 Ark. 1; Seamans v. Knapp-Stout, 89 Wis. 171. The undisputed evidence is that defendant had in contemplation, when these contracts were made, the laws of Minnesota, and not the laws of Iowa.

An insurance company may, within the state of its domicile, make valid contracts of insurance against fire on property situated in a sister state without regard to the laws of the latter state. Seamans v. Knapp-Stout, supra.

Even if the validity of these contracts is to be determined by the laws of Iowa, they are enforceable contracts at the suit of plaintiff. Union v. McMillen, 24 Oh. St. 67; Watertown v. Rust, 141 Ill. 85.

The inability, if it existed, of the company to pay these losses from the surplus fund and from an assessment must be alleged and proved by defendant as a defense.

O'BRIEN, J.

The defendant is a corporation organized under chapter 186, Laws 1885, for the purpose of insuring upon the mutual plan, amongst other hazards, damage by hail to growing crops. For some time prior to March 1, 1903, the defendant was duly authorized to transact such insurance business in the state of Iowa. Its license to do so expired upon February 28, 1903, and since then it has been refused admission to that state. On or about April 8, 1903, the defendant issued and delivered to the plaintiff by mail its insurance policy of that date, whereby in consideration of an annual assessment, the exact amount of which was to be subsequently determined, but which should in no case exceed a stated amount, it insured the plaintiff against loss or damage by hail to his growing crops upon certain lands situated in the state of Iowa, of which state the plaintiff was a resident. The crops on those premises were damaged by hail July

20, 1903, and the amount of the loss was adjusted by agreement of the parties on August 7, 1903. The written adjustment, after fixing the loss at $155, which might be reduced under certain conditions, contained the following provisions: "To be paid, as provided by the policy and by-laws of this company, on or about December 1st after date. I, the policy holder, am perfectly satisfied with the above adjustment. This adjustment is subject to the approval of the executive board of this company."

The by-laws of the company provided that if the net proceeds of any assessment, together with seventy-five per cent. of the surplus fund, should be insufficient to pay all claims and expenses, the expenses of the company should be first paid, and the remainder divided pro rata among loss claims which should be payment in full. The policy provided for arbitration in case of disagreement, and "that no suit or action against this company for recovery of any claim for loss by virtue of this policy shall be sustainable in any court until after an award shall have been obtained fixing the amount of claim by arbitration in the manner above provided, nor unless such suit or action shall be commenced within sixty days after the loss shall have occurred."

In October, 1903, an assessment amounting to $21 was levied against the plaintiff. He remitted the amount to the defendant, who returned it to the plaintiff, on the ground that the policy was void, having been issued in the state of Iowa upon property in and to a resident of that state, while the defendant was unauthorized to transact such business in Iowa. The plaintiff subsequently remailed the amount of the assessment to the defendant, which claims never to have received the letter containing it. The court, upon sufficient evidence, found payment by plaintiff of the assessment.

The statutes of Iowa provide the conditions upon which foreign insurance companies may transact business in that state, and forbid the issuance of insurance policies by any corporation not complying with those statutes, and establish penalties for any such unauthorized act; and in addition section 1758, tit. 9, c. 4, of the Iowa Code, provides: "No action shall be maintained in any court in the state upon any policy or contract of fire insurance issued upon any prop-

.erty situated in the state by any company, association, partnership, individual or individuals, that have not been authorized by the auditor of state to transact such insurance business, unless it shall be shown that the insurer or insured, within six months after the issuing of such policy or contract of insurance, has paid into the state treasury two and one-half per cent. of the gross premium paid or agreed to be paid for such policy or contract of insurance."

This action was commenced on July 20, 1904, was tried by the court without a jury, and judgment directed and entered in favor of the plaintiff for the sum of $155 and interest from December 1, 1903. The defendant appeals from this judgment, and has made forty separate assignments of error, which, however, have been grouped and may be considered as follows: 1. That there was no arbitration, nor was the action commenced within sixty days after loss. 2. The contracts were Iowa contracts, and, being void in Iowa, were unenforceable in Minnesota. 3. That, inasmuch as the defendant could not have enforced the payment of assessments, the plaintiff cannot enforce the payment of loss. 4. That in rendering judgment against the defendant the court failed to give full faith and credit to the public acts, records, and judicial proceedings of another state.

1. The action in this case was upon the adjustment entered into between the plaintiff and defendant August 7, 1903. The policy required arbitration only when the parties disagreed as to the amount of the loss. They having agreed and adjusted the loss, there was nothing to arbitrate. In the adjustment agreement, the company agreed to pay the loss "on or about December 1," 1903. The plaintiff could commence no action before that date, and so could not have brought the action within sixty days from July 20, the date upon which the loss occurred. The result of the adjustment was to put the plaintiff's claim, with respect to the time of bringing suit, entirely outside of the policy, and the only limitation upon the time for bringing action was the statutory one. McCallum v. National Credit Ins. Co., 84 Minn. 134, 86 N. W. 892.

2. None of the provisions of the Iowa law to which we have been referred declare void a policy of insurance issued in that state by a company not authorized to transact business there. The effect

of section 1758 is that, if the insurer pays certain taxes within six months after the issuance of a policy, he may maintain an action upon it. If he does not pay such taxes, he can obtain no relief from the Iowa courts. The authorities cited by the defendant do not sustain his claim that, because the insurance company was prohibited from issuing its policies in Iowa, any policy so issued by it was void as against the insured. It is only where the laws of the state have expressly declared such contracts void that the innocent party to the transaction has been denied recovery. Ashland v. Detroit, 114 Wis. 66, 89 N. W. 904; Rough v. Breitung, 117 Mich. 48, 75 N. W. 147; Oakland Sugar Mill Co. v. Fred W. Wolf Co., 118 Fed. 239, 55 C. C. A. 93; In re Comstock, 3 Saw. 218, Fed. Cas. No. 3,078. This court has uniformly held that an action may be maintained upon a policy by the insured, although the company issuing the policy did so in violation of the laws of this state. Ganser v. Fireman's Fund Ins. Co., 34 Minn. 372, 25 N. W. 943; Seamans v. Christian Bros. Mill Co., 66 Minn. 205, 68 N. W. 1065.

3. The contention that the defendant could not have enforced the assessment against the plaintiff, and that, therefore, the plaintiff cannot maintain an action to recover for loss under the policy, is necessarily included in what has already been said. That identical claim was rejected in the Seamans case, above referred to, and under that authority the result is the same, even if the policy were actually delivered in Iowa.

4. The judgment against the defendant in no way violates the provision of the federal constitution requiring each state to give full faith and credit to the acts, records, and judicial proceedings of every other state. The court did not refuse to give effect to any provision of the Iowa statutes, but simply held that a corporation of this state could not avoid liability by pleading its own wrong. The fact that the defendant corporation is a mutual insurance company, which collects its premiums in the form of assessments, is, to our mind, immaterial. The contract of insurance provided that it would pay all the damage sustained by the plaintiff from the happenings insured against. There is no claim made by the defendant that the proceeds of the assessment made by it during the year 1903 were not

109 M.—24

ample to pay the plaintiff's claim in full. When the loss was adjusted, it agreed to pay the fixed amount, unless the proceeds of an assessment and seventy-five per cent. of the surplus fund were not sufficient, after the payment of expenses, to pay all loss claims in full, and that in such case the available funds were to be applied pro rata. The defendant does not claim that the condition of its funds makes it necessary to make a ratable reduction in loss claims, so that, if the plaintiff was entitled to a judgment, he was entitled to one for the full amount of the loss as adjusted.

Judgment affirmed.