## MINNIE GARBUSH v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.[1]

December 23, 1927.

No. 26,332.

**Insurance policy placed burden of proof on plaintiff.**

1. The policy required direct and positive proof that the death of the insured was caused by external, violent and accidental means, and the burden was upon plaintiff to show both external violence and accidental means.

**Requirement of policy construed.**

2. The provision in question does not require eyewitnesses, nor deprive plaintiff of the benefit of the presumption against self-destruction.

[1]Reported in 217 N. W. 123.

**Presumption against suicide in case of accident.**

3. Where the insured was killed by a pistol shot and the question is whether he discharged the pistol intentionally or accidentally, he will be presumed to have discharged it accidentally unless there be evidence which overcomes the presumption against self-destruction.

**Verdict of accident permissible.**

4. The jury could legitimately infer from all the facts and circumstances and from the presumption against self-destruction that the pistol was discharged accidentally.

Accident Insurance, 1 C. J. p. 495 n. 7, 12; p. 496 n. 20; p. 504 n. 48; p. 507 n. 92.

---

See note in 35 L. R. A. 263; 4 L.R.A.(N.S.) 635; 42 L.R.A.(N.S.) 635; 50 L.R.A.(N.S.) 1008; 37 A. L. R. 171; 14 R. C. L. 1235, et seq.; 3 R. C. L. Supp. 362; 6 R. C. L. Supp. 870.

Action in the district court for Washington county by the beneficiary of A. O. Garbush to recover under a policy of life insurance. There was a verdict of $5,130 for plaintiff, and defendant appealed from an order, Stolberg, J. denying its alternative motion for judgment or a new trial. Affirmed.

*A. V. Rieke, Bonita F. Rieke,* and *Maurice H. Rieke,* for appellant.

*Reuben G. Thoreen* and *Sullivan & Neumeier,* for respondent.

TAYLOR, C.

Defendant, a fraternal beneficiary association, insured A. O. Garbush against disability or death resulting from bodily injuries "effected through external, violent and accidental means." Mr. Garbush was killed instantly by a bullet discharged from an automatic pistol. His wife, the beneficiary named in the contract of insurance, brought suit thereon and recovered a verdict. Defendant appealed from an order denying its alternative motion for judgment non obstante or for a new trial.

Mr. Garbush conducted a hardware store in the city of Stillwater and dealt in guns and pistols. Plaintiff assisted him in the store. She went into the rear or stock-room for a drink of water and while

there heard a pistol shot.   She rushed back into the store and found her husband on the floor shot through the heart and the pistol on the floor near him.   In response to her excited call, two men who were on the sidewalk looking in the show window came in at once. No one had seen what occurred at the time the pistol was discharged.   Plaintiff maintains that it was discharged accidentally; defendant that Mr. Garbush intentionally killed himself.   The jury found he came to his death by accidental means.

The case of Garbush v. New York Life Ins. Co. 172 Minn. 98, 214 N. W. 795, involved a policy held by Mr. Garbush which covered death resulting from accidental cause.   The evidence as to the manner in which he came to his death was substantially the same in that case as in the present case, and reference is made to the opinion of Justice Stone in that case for a more complete statement of the facts.   It was there held that the evidence was sufficient to sustain the finding of the jury that the pistol was accidentally discharged.   Without again discussing the evidence, we hold it is sufficient to sustain the same finding in the present case.

Defendant contends that although the evidence is sufficient to sustain a recovery upon the contract involved in the cited case, it is not sufficient to sustain a recovery upon the contract here in question for the reason that this contract provides that the benefits thereunder shall not

"be payable nor extend to any case of death or loss of time unless the claimant under the certificate establishes, by direct and positive proof, that said death or loss of time was caused by external violence and accidental means."

Plaintiff had the burden of establishing, "by direct and positive proof, that said death   *   *   *   was caused by external violence and accidental means."   McAlpine v. Fidelity & Cas. Co. 134 Minn. 192, 158 N. W. 967; Travellers Ins. Co. v. McConkey, 127 U. S. 661, 8 S. Ct. 1360, 32 L. ed. 308.   Defendant contends that there is no "direct and positive proof" that the death was caused by accidental means as there was no witness who knew how the pistol came to be discharged.   In support of this contention defendant cites Kelly v.

Supreme Council Catholic Mut. Ben. Assn. 46 App. Div. 79, 61 N. Y. S. 394; McGovern v. Brotherhood of L. F. & E. 31 Ohio Cir. Ct. 243, affirmed, 85 Ohio St. 460, 98 N. E. 1128; Steen v. Modern Woodmen, 296 Ill. 104, 129 N. E. 546, 17 A. L. R. 406. In these cases the absence of the insured for more than seven years was relied upon as proof of his death. The policies contained an express provision to the effect that no length of absence should give a right to recover under the policies without proof of "actual death." The courts held this provision valid, and that the claimant could not recover on proof of absence only.

Defendant also cites Becker v. Interstate Business Mens Acc. Assn. 265 F. 508; Roeh v. Business Mens Prot. Assn. 164 Iowa, 199, 145 N. W. 479, 51 L.R.A.(N.S.) 221, Ann. Cas. 1915C, 813, to which may be added Lundberg v. Interstate Business Mens Acc. Assn. 162 Wis. 474, 156 N. W. 482, Ann. Cas. 1916D, 667. In these cases the death of the insured was caused by a gunshot wound. The policies expressly provided that there should be no liability in such cases unless the accidental character of the casualty was established by an eyewitness. There were no eyewitnesses, and the courts held that liability had not been established.

Defendant also cites Aetna Life Ins. Co. v. Tooley, 16 F. (2d) 243. This case involved the usual provision relieving from liability in case of suicide. The insured died from a pistol shot through his head. The court held that the presumption against suicide was overcome where the evidence was inconsistent with any other reasonable hypothesis, and that it was overcome in that case. See International Life Ins. Co. v. Carroll (C. C. A.) 17 F. (2d) 42, 50 A. L. R. 362, in which it was held that where the evidence leaves the question to inference the presumption prevails.

Defendant's policy does not require eyewitnesses, but requires direct and positive proof that the death was caused by external, violent and accidental means. What evidence is sufficient to sustain a recovery under a policy containing that provision has been considered in a number of cases. They are to the effect that proof of circumstances from which the jury may legitimately infer that

death resulted from external violence and accidental means is sufficient, in the absence of eyewitnesses.   The leading case is Travellers Ins. Co. v. McConkey, 127 U. S. 661, 8 S. Ct. 1360, 32 L. ed. 308. There the insured was found dead, shot through the heart.   The trial court instructed the jury that self-destruction is not presumed, and that the plaintiff was entitled to recover unless the defendant had overcome that presumption by competent evidence that the injuries which caused his death were intentional on the part of the insured.   The court, among other things, said [at p. 666]:

"It was incumbent upon the plaintiff to show, from all the evidence, that the death of the insured was the result, not only of external and violent, but of accidental means.   The policy provides that the insurance shall not extend to any case of death or personal injury, unless the claimant under the policy establishes, by direct and positive proof, that such death or personal injury was caused by external violence *and* accidental means.   Such being the contract, the court must give effect to its provisions.   \*   \*   \*

"The requirement, however, of direct and positive proof, as to certain matters, did not make it necessary to establish the fact and attendant circumstances of death by persons who were actually present when the insured received the injuries which caused his death.   The two principal facts to be established were external violence and accidental means, producing death.   The first was established when it appeared that death ensued from a pistol shot through the heart of the insured.   The evidence on that point was direct and positive; as much so, within the meaning of the policy, as if it had come from one who saw the pistol fired.   \*   \*   \*

"Were the means by which the insured came to his death also accidental?   If he committed suicide, then the law was for the company.   \*   \*   \*   The court instructed the jury that self-destruction was not to be presumed.   \*   \*   \*   Did the court err in saying to the jury that, upon the issue as to suicide, the law was for the plaintiff, unless that presumption was overcome by competent evidence?   This question must be answered in the negative.   The condition that direct and positive proof must be made of death having

been caused by external, violent, and accidental means, did not deprive the plaintiff, when making such proof, of the benefit of the rules of law established for the guidance of courts and juries in the investigation and determination of facts."

In the following cases, the policy contained a provision requiring "direct and positive proof," and it was held that proof of the circumstances and surroundings was sufficient to sustain a recovery, there being no eyewitnesses. Manufacturers Acc. Ind. Co. v. Dorgan (C. C. A.) 58 F. 945, 954, 22 L. R. A. 620; Preferred Acc. Ins. Co. v. Barker (C. C. A.) 93 F. 158; Travelers Ins. Co. v. Sheppard, 85 Ga. 751, 800, 12 S. E. 18 (¶ 29 of a lengthy opinion); Utter v. Travelers Ins. Co. 65 Mich. 545, 32 N. W. 812, 8 A. S. R. 913; Insurance Co. v. Bennett, 90 Tenn. 256, 16 S. W. 723, 25 A. S. R. 685; Wright v. Sun Mut. Life Ins. Co. 29 Upper Can. 221, 223. A case frequently cited on account of its reasoning is Lewis v. Brotherhood Acc. Co. 194 Mass. 1, 79 N. E. 802, 17 L.R.A.(N.S.) 714. Although reference is made in the opinion to the construction given to a provision requiring direct and positive proof, the provision there involved was one requiring an eyewitness. A young man and young lady were seen in a "cranky" canoe just before they passed around a bend in the stream. A few minutes later the upturned canoe was found and both occupants had been drowned. It was held that there were eyewitnesses to the "operating cause" of the accident, and that they were eyewitnesses within the meaning of the policy.

In the present case there is conclusive and unquestioned proof that the death was caused by a bullet through the heart discharged from the pistol, but no witness knows how the pistol came to be discharged. That the deceased discharged it himself is undisputed. The question for determination at the trial was whether he discharged it accidentally or intentionally. The verdict was a finding that it was discharged accidentally. In none of the cases cited was the evidence that the death resulted from an accidental cause any stronger than the evidence to that effect in this case. That plaintiff, in making the proof required by the provision in question, is entitled to the benefit of the presumption against self-destruction

is expressly held in the cases, and no case has been called to our attention holding the contrary. The provision does not require eyewitnesses, and therefore does not exclude proof by evidence other than that of eyewitnesses, as in one class of cases cited by defendant. If it were to be construed as requiring proof by a witness who could testify of his own knowledge that death was caused by accidental means and not by the intentional act of the deceased, it would bar a recovery in perhaps a majority of the cases of fatal accidents. If the insured came to his death in consequence of falling from a building; or of driving his automobile against an obstruction, into a ditch or over a cliff; or of upsetting a canoe; or of being in the path of a railway train or automobile, could a witness testify whether the act which resulted in his death was accidental or intentional? Whether he intended to create the situation which resulted in his death rested in his own mind. Others, although eyewitnesses, could determine that fact only by inference from other facts known to them and the attending circumstances.

Here the only evidence to overcome the presumption against self-destruction is the fact that the pistol had the safety devices described in the New York Life Ins. Co. case. All the other evidence is consistent with the hypothesis that the pistol was discharged accidentally and indicates in no way that it was discharged intentionally. From the evidence taken as a whole, the jury could legitimately find an absence of intent to commit suicide, and an absence of intent to discharge the pistol.

Order affirmed.