## MINNIE GARBUSH v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.[1]

November 29, 1929.

No. 27,532.

[1]Reported in 228 N. W. 148.

A. V. *Rieke, Bonita F. Rieke* and *Maurice H. Rieke,* for appellant.
*Reuben G. Thoreen* and *Sullivan, Neumeier & Nolan,* for respondent.

HILTON, J.

Defendant appeals from an order denying its motion for a new trial.

Defendant, a fraternal beneficiary association organized and existing under the laws of the state of Ohio and authorized to do business in Minnesota, issued its contract of accident insurance (hereinafter called "policy") insuring A. O. Garbush, husband of plaintiff, against disability or death resulting from bodily injuries "effected through external, violent and accidental means." Plaintiff is the sole beneficiary named in the policy. The particulars of the injury to assured on April 17, 1926, causing instant death, are recited in Garbush v. New York Life Ins. Co. 172 Minn. 98, 214 N. W. 795; Garbush v. Order of U. C. T. of America, 173 Minn. 191, 217 N. W. 123. (A judgment entered in the latter case was affirmed in 174 Minn. 610, 219 N. W. 557.)

The beneficiary, in case the death of Garbush came within the terms of the policy, was entitled to receive $5,000 within 90 days after receipt by defendant's supreme executive committee of final proofs of death, and $1,300 in weekly instalments of $25 each beginning 90 days after receipt of such final proofs. Proper notices and proofs of death were given to defendant as provided in the policy. The defendant refused to pay anything, basing such refusal principally upon the claim that the death was caused by suicide. The policy provided that no suit should be brought within 90 days after proof of death had been filed with defendant, and that "no suit or proceeding * * * shall be brought to recover any benefits * * * after six months from the date the claim for said benefits

is disallowed by the Supreme Executive Committee." Suit for $6,300 was brought on July 31, 1926, at a proper time under the circumstances in so far as $5,000 thereof was concerned, the 90-day provision not controlling because of the denial of liability by the defendant. Hand v. National L. S. Ins. Co. 57 Minn. 519, 59 N. W. 538; Banner Laundry Co. v. Great Eastern Cas. Co. 148 Minn. 29, 180 N. W. 997; State Ins. Co. v. Maackens, 38 N. J. L. 564.

That case was fully tried in the district court. The issue as to whether the death was caused by suicide or in any other manner relieving defendant from liability was fully covered by the testimony and submitted to the jury. At the close of all the evidence the trial judge held a conference with counsel for plaintiff and defendant and advised them that he proposed to charge the jury that because of the wording of the policy a verdict for plaintiff could not exceed $5,000 and interest, the reason being that at the time the action was brought no more than that amount was due. Such charge was given. It was correct. All counsel acquiesced; no request for a different instruction was made; there was no exception taken to that charge nor any assignment of error therefor.

Appeals were taken to this court (173 Minn. 191, 217 N. W. 123; 174 Minn. 610, 219 N. W. 557). After final judgment a writ of certiorari was denied by the Supreme Court of the United States, Order of U. C. T. of America v. Garbush, 278 U. S. 634, 49 S. Ct. 32, 73 L. ed. 551. Defendant has since paid plaintiff the full amount of the judgment, $5,000, interest and costs.

None of the weekly instalments were paid. On October 1, 1928, this suit was instituted for the recovery of $1,300 and interest. The case was tried to a judge of another district who had been assigned for that purpose. After making findings of fact and conclusions of law, judgment was ordered in favor of plaintiff for $1,300, with proper interest and costs.

Appellant's contentions are: (1) "That the subject of the litigation in this action was litigated in the first [$6,300] action and for that reason it became res adjudicata." (2) That this action was barred because of the provision of the policy that "no suit

or proceeding * * * shall be brought to recover any benefits * * * · after six months from the date the claim for such benefits is disallowed by the Supreme Executive Committee."

■ The suit in the first case was for $6,300; the $1,300 portion thereof was eliminated in the manner above stated. It simply amounted to the dismissal of an action for the $1,300 as prematurely brought on a claim not yet due. It did not preclude the bringing of an action at a proper time or times to recover on the liability of the defendant because of the deferred weekly payment provision. In the first case the question as to defendant's liability under the policy was determined and settled; it became res adjudicata. The outcome in that case settled for all time the question of suicide and ·other defensive claims, and determined that the death was the result of bodily injury "effected through external, violent and accidental means." 3 Dunnell, Minn. Dig. (2 ed.) § 5162, et seq. and cases cited; 2 Freeman, Judgments (5 ed.) §§ 604, 624, et seq. § 706; Napa Valley Wine Co. v. Daubner, ·63 Minn. 112, 65 N. W. 143; Gallenbeck v. N. W. Mut. Relief Assn. 84 Minn. 184, 87 N. W. 614; Skordal v. Stanton, 89 Minn. 511, 95 N. W. 449; Fox v. Fox, 154 Minn. 169, 191 N. W. 420; James v. Pettis, 134 Minn. 438, 159 N. W.' 953; McEvoy v. Bock, 37 Minn. 402, 34 N. W. 740; Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736.

■ We now come to the limitation in the policy as to the bringing of suit. The claim for benefits was disallowed by the supreme executive committee June 10, 1926. The $1,300 item was payable weekly at the rate of $25 per week beginning within 90 days after proof of death. If the terms of the policy requiring suit to be brought within six months from the date of disallowance apply to the weekly payments then a large number of these payments would be outlawed and barred before they become due and payable. Strampe v. Minnesota F. M. Ins. Co. 109 Minn. 364, 123 N. W. 1083, 26 L.R.A.(N.S.) 999, 134 A. S. R. 781. Such could not have been the intention of the parties. If such was the intention of the defendant in placing that provision in the policy, then it is so unreasonable that it cannot stand. The six months provision was

applicable to the $5,000 payment only. We hold that it did not apply to the $1,300. The statutory limitation of actions applicable to such a contract would control. Plaintiff's action was brought well within that time.

The general rule is that ambiguous and uncertain terms in a policy, having been placed therein by the insurance company for its own protection, are to be reasonably construed in favor of the insured. Chandler v. St. Paul F. & M. Ins. Co. 21 Minn. 85, 18 Am. R. 385; Stewart v. National Council, 125 Minn. 512, 147 N. W. 651; Zeitler v. National Cas. Co. 124 Minn. 478, 145 N. W. 395; 14 R. C. L. 926; Bratley v. American Yeomen, 159 Minn. 14, 198 N. W. 128, and cases cited. A restrictive meaning will not be given even to an unambiguous phrase if by reference to the whole instrument such a construction is unwarrantable and unreasonable. National Tea Co. v. McDonough, 178 Minn. 388, 227 N. W. 205.

Defendant cited Federal Life Ins. Co. v. Rascoe (C. C. A.) 12 F. (2d) 693, in support of its contention that suit covering the $1,300 could have been brought at once after disallowance of claim. The majority opinion in that case supports defendant's position. We however do not agree. Our view is in accord with the strong dissenting opinion of Judge Denison in so far as the same is applicable to the present case. Here there is an executory contract where there is nothing for plaintiff to perform.

Plaintiff here could not bring an action for any part of the $1,300 until the time when the first $25 instalment became due. It is proper, although not necessary here, to state that at the end of each weekly period an action could be maintained for the $25 item covered thereby. It was competent and proper for plaintiff to wait until all these items had become due and payable and then institute her action as she did.

In addition to the cases hereinbefore referred to, the following support the conclusions we have reached: Cross v. U. S. 14 Wall. 479, 484, 20 L. ed. 721; Nesbit v. Riverside Ind. Dist. 144 U. S. 610, 619, 12 S. Ct. 746, 36 L. ed. 562; Washington County v. Williams (C. C. A.) 111 F. 801, 810; Moore v. Security T. & L. Ins. Co.

(C. C. A.) 168 F. 496; 2 Black, Judgments (2 ed.) §§ 747, 749, 750; 1 C. J. 1112, § 286, et seq; Robinson v. Exempt Fire Co. 103 Cal. 1, 36 P. 955, 24 L. R. A. 715, 42 A. S. R. 93; Rau v. American Nat. Ins. Co. (Tex. Civ. App.) 154 S. W. 645; Peurrung v. Carter-Crume Co. (C. C.) 110 F. 107; Barron G. Collier, Inc. v. Rawson, 202 Iowa, 1159, 211 N. W. 704.

All of the purposes for which the 90-day and six months provisions were placed in the contract of insurance were fully accomplished. The bringing of the first action was notice to the defendant of the total claim of plaintiff. It was forewarned as to what it must defend against and to a full extent took advantage of all its claimed rights.

Order affirmed.

