[Civ. No. 4043.   First Appellate District, Division Two.—November 28, 1921.]

## CONTINENTAL NATIONAL BANK OF LOS ANGELES (a Corporation), Respondent, v. BOYD W. DOYLE, Appellant.

[1] Action on Promissory Note — Payment of Subscription by Stockholder of Bank — Purchase of Securities — Pleading — Proper Party Plaintiff.—Where the stockholders of a bank, in order to avoid an involuntary assessment, subscribed certain amounts to be paid to trustees named in the subscription agreement for the purpose of enabling such trustees to purchase certain collateral which the bank examiner had directed the bank to dispose of, and a stockholder gave his note to the bank for the amount of his subscription and the bank gave the trustees credit therefor and the collateral was subsequently delivered to the trustees, the bank was the proper party plaintiff in an action to recover on the note.

[2] Id.—Failure of Consideration—Defense Without Merit.—In such action it cannot be claimed that there was a failure of consideration for the note because all subscriptions were not received within the time provided in the subscription agreement, in view of the fact of the delivery of the securities to the trustees.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Ray E. Nimmo and M. M. Starr for Appellant.

Kemp, Mitchell & Silberberg for Respondent.

NOURSE, J.—Plaintiff sued on a promissory note executed by defendant and delivered to the bank in payment of defendant's *pro rata* of a subscription agreement whereby defendant undertook to pay to trustees named therein a sum equal to the face of the note.  The agreement was drawn at the instance of stockholders of the plaintiff bank, of which defendant was one, for the purpose of enabling the trustees to purchase from the bank certain collateral which the bank examiner had directed the bank to dispose of.  A voluntary subscription was agreed to in order to avoid an involuntary assessment by the bank upon its stock-

holders. Among other things, the subscribers agreed to pay to the trustees therein named thirty dollars per share on the stock owned by each for the purpose of enabling said trustees to purchase the assets and securities from said bank. The trustees were also authorized to collect said assets and securities as rapidly as possible and reimburse the subscribers for the sums advanced by them for the purpose of said purchase. The money was to be immediately refunded unless the holders of at least two thousand five hundred shares paid said amounts within ten days from the date of the agreement, which was the fifth day of December, 1918. Two thousand five hundred and three shares subscribed to the agreement and the subscriptions were paid in cash, checks or notes. The cash and checks were thereupon turned over to the trustees and the notes were taken up by the bank, which in turn credited the trustees therefor as so much cash and accepted them at their face value. Upon the full credit thus given to the trustees the assets and securities were delivered to them by the bank according to the arrangement made with the subscribers. Defendant was one of those who gave his note in payment of his subscription. The bank assumed the note, the trustees gave him credit for payment of his subscription in full, and the bank collected from him three regular interest payments in accordance with the terms of the note. This note was dated January 3, 1919, which was some nineteen days after the expiration of the time set in the contract for the payment of the subscriptions. It is admitted that two thousand five hundred shares had not paid in cash within the ten days from the date of the agreement, but it is not disputed that at some time more than that number had paid in the manner herein outlined and that the bank had actually transferred the assets and securities to the trustees, who held them for the benefit of the subscribers. From the fact that the defendant executed and delivered his note some time after the expiration of the period set in the subscription contract, it is argued that he waived that condition. In this connection it is argued that at the time of the execution and delivery of the note defendant was fully informed of all the circumstances and knew that his note was being taken in lieu of a cash payment to the trustees, that the bank was giving him full credit therefor, and

that a number of other subscribers were making payment in the same manner. It is also argued that he knew, or had every reason to know, that the full two thousand five hundred shares had not paid their *pro rata* in cash within the ten-day period. The trial court found that all the allegations of the complaint were true and that the allegations of the answer were untrue, and these findings are sustained by ample evidence.

The appeal is brought up under the new method without any assignment of error, and it is difficult to understand upon what grounds appellant relies for reversal. [1] It is argued that the respondent is not a proper party to maintain this action, but the respondent is the payee named in the note. It was the present holder thereof and gave the credit to the trustees whereby the appellant met his subscription and became a beneficiary under the trust agreement. From this transaction the respondent delivered the securities to the trustees and thereby became both the legal and beneficial holder of the note. Respondent was, therefore, not only the proper party but the only party to maintain the action. Furthermore, if this was a defense to the action it should have been raised in the answer, and this was not done.

[2] It is also argued that there was a failure of consideration for the note. In this connection it seems to be appellant's contention that the consideration failed because all subscriptions were not paid in cash to the trustees before December 15th. But it is admitted that, notwithstanding this condition of the agreement, the trustees obtained the securities for which the subscriptions were made and held the same for the benefit of the subscribers, of which appellant is one. It is admitted that this was the consideration for which the note was executed. How, therefore, can there be a failure of consideration if the maker of the note obtains the full consideration which was agreed to? Furthermore, the subscription agreement having been made for the purpose of purchasing the securities, and this purpose having been effected by the transactions above outlined, it is apparent that when appellant executed his note after the ten-day period had expired, he either waived that condition in full or waived so much of it as required the payment in cash rather than through the note transactions in which

he participated. In any event, being a beneficiary under the trust he cannot retain the full consideration for which the note was executed and at the same time say that there is a failure of consideration for the note. Other points argued do not require consideration. There is no merit in the appeal.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1922.

All the Justices concurred.