STATE, Respondent, v. PEIFER, Appellant.

(197 N. W. 293.)

(File No. 5574. Opinion filed February 13, 1924.)

1. **Bail—Supreme Court Will Not Interfere Except for Manifest Error.**

    The Supreme Court will not interfere with the action of the trial court concerning bail pending an appeal except where error is manifest from an inspection of the record.

2. **Bail—Manifest Error Warranting the Allowance of Bail Pending Appeal Held Shown by Record.**

    Where the record on appeal from a conviction for larceny of a steer branded "Circle HK" disclosed the receipt of testimony

that a steer branded "H A H" had been found in defendant's pasture without showing as to the relevancy of such testimony, **held,** that there was such manifest error as to establish an abuse of discretion on the part of the trial court in denying bail pending appeal and to warrant its allowance by the Supreme Court.

Appeal from Circuit Court, Butte County; HON. JAMES McNENNY, Judge.

Application by Max Peifer for bail pending an appeal from a conviction for larceny.   Bail granted.

*H. P. Atwater,* of Sturgis, for Appellant.

The Attorney General, for Respondent.

POLLEY, J.   The above defendant was convicted of the crime of grand larceny in the circuit court of Butte county.   From the judgment of the court sentencing him to a term of five years in the penitentiary he has appealed to this court, and has filed an application in this court to be admitted to bail pending his appeal. A transcript of the evidence with appellant's assignments of error is submitted with the application.

[1, 2]   In view of the action taken by the different members of this court on applications similar to this I believe that I may say it is the settled policy of this court not to interfere in such matters except where error is manifest from an inspection of the record.   In this case, without expressing any opinion as to whether the judgment should be reversed, error is apparent in the admission of evidence on behalf of the state.   One instance is the testimony that a steer branded "H A H" was found in defendant's pasture.   What possible connection this had with the taking of the "Circle H K" steer described in the information is not disclosed by the record, yet it was gone into at great length and could hardly have helped to prejudice the jury against the defendant.   While it is not possible to go into the details or make a thorough analysis of the testimony on an application of this kind, and without a full argument by both sides, I am satisfied that the trial court abused its discretion in denying defendant's application for bail, and that in the interest of justice he should be admitted to bail.

In view of the circumstances I believe $5,000 is reasonable bail, and it will be ordered accordingly.

Note.—Reported in 197 N. W. 293. See, Headnote, American Key-Numbered Digest, (1) Bail, Key-No. 49, 6 C. J. Sec. 221; (2) Bail, Key-No. 44, 6 C. J. Sec. 221.