---

CONLEY et al, Respondents, v. SELIGMAN et al, Appellants.

(197 N. W. 293.)

(File No. 5493.  Opinion filed February 25, 1924.)

1. **Bills and Notes—Consideration—Corporations—Note Held Supported by a Sufficient Consideration.**

   A note given by a stockholder of a farmers' elevator company which was in financial distress, pursuant to an agreement among the stockholders, held supported by a sufficient consideration.

2. **Bills and Notes—Verdict—Directed Verdict in Action on Note Held Improper.**

   In an action on a note given by a stockholder of a farmers' elevator company which was in financial distress, the existence of an agreement among the stockholders that the notes should not be used unless a sufficient number was obtained to equal the amount of the indebtedness of the company (which had not been done), held a question for the jury.

Appeal from Circuit Court, Brown County; Hon. Robert D. Gardner, Judge.

Action by Oren Conley and others against E. A. Seligman, impleaded with Geo. B. Daly. From judgment for plaintiffs and order denying a new trial, defendant Seligman appeals. Judgment and order appealed from vacated, and cause remanded for new trial.

*E. B. Harkin* and *Thos. L. Arnold,* both of Aberdeen, for Appellant.

*Corrigan & Walton,* of Aberdeen, for Respondents.

(1) To point one of the opinion, Appellant cited: So. Dak. Central Railway Co. v. Smith, 116 N. W. 1120; Independent Harvester Co. v. Anderson, 186 N. W. 113.

(2) To point two, Appellant cited: Adams v. Rathbun, 86 N. W. 629.

GATES, J. The parties to this action were stockholders in the Columbia Equity Exchange, a farmers' elevator company. The company was in financial distress. At a meeting of the stockholders in February, 1921, the financial situation of the company was disclosed, showing an indebtedness of from $30,000 to $35,000. It was proposed that each of the 70 odd stockholders give his promissory note to the company in the sum of $500 for the purpose of keeping the company afloat. Defendant Seligman executed and delivered his note in said sum. This action was brought to recover on said note. Plaintiffs and defendant Daly were the directors of the company. Daly was made defendant because he refused to join as plaintiff. Plaintiffs advanced to the company $12,000, and claim to hold this note as collateral security. The company afterward went out of business. At the conclusion of the evidence the trial court directed a verdict for plaintiffs. Defendant Seligman appeals from the judgment and an order denying new trial.

[1] Appellant argues that the purpose for which the note was given did not constitute a consideration therefor. Such contention is without merit. Skordal v. Stanton, 89 Minn. 511, 95 N. W. 449; Union Bank v. Sullivan, 214 N. Y. 332, 108 N. E. 558; Continental Nat. Bank v. Doyle, 55 Cal. App. 405, 203 Pac. 780.

[2]   One of the defenses interposed by the answer was that there was an agreement made at the time the notes were solicited to the effect that the notes would not be used unless a sufficient number was obtained to equal the amount of the indebtedness of the company.   There was some evidence in support of the making of that agreement, and it also appeared that only 36 notes of $500 each were obtained.   If such an agreement was made, plaintiffs are not "good-faith" holders of this note.   If that agreement was made, the right of plaintiffs to recover from defendant would be based upon defendant's liability as a stockholder and not upon the promissory note.   The question as to the making of that agreement was for the jury to determine.   For that reason the court erred in directing the verdict.

The judgment and order appealed from are vacated, and the cause is remanded for a new trial.

Note.—Reported in 197 N. W. 293.   See, Headnote, American Key-Numbered Digest, (1) Bills and Notes, Key-No. 92(5), 8 C. J. Sec. 366; (2) Bills and notes, Key-No. 537(1), 8 C. J. Sec. 1373.